# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**CONCILIO DE SALUD INTEGRAL DE**       )
**LOIZA, INC., <u>et</u> <u>al.</u>,**   )
        **Plaintiffs,**  )
                                        )
    **v.**               )       **Civil Action No. 07-1034 (RMC)**
                                        )
**MICHAEL O. LEAVITT**                  )
**Secretary, United States Department of** )
**Health and Human Services ,**         )
                                        )
        **Defendant.**   )
_____ )

## <u>ERRATA</u>

    Defendant respectfully files a corrected copy of Attachment 1 to the Declaration of Sue

Kelly, filed in Docket No. 19.

             Respectfully submitted,


        /s/_____
        JEFFREY A. TAYLOR, D.C. Bar # 498610
        United States Attorney


        /s/_____
        CHARLOTTE A. ABEL
        D.C. Bar No. 388582
        Assistant United States Attorney
        555 Fourth St., N.W.
        Washington, D.C. 20530
        (202) 307-2332

## CMS CHECKLIST FOR MANAGED CARE CONTRACT APPROVAL

Reviewer: _____                                              Date: _____

State: _____          Type of Program:          Type of Entity:          Type of Review:

Contract Period: _____          ___ 1915(a)(1)(A) voluntary          ___ MCO          ____ Initial

Contractor:_____          ___ State Plan Amendment          ___ HIO          ____ Renewal

(Put "model" if same for all)          ___ 1915(b) waiver          ___ PIHP          ____ Amendment

          ___ 1115 waiver          ___ PAHP          ____ Rates Only

          ___ Other          ___ PCCM

| Section/Subsection Name | | Regulation Subpart | Approved/Comments |
|---|---|---|---|
| **General Provisions** | | A | _____ |
| **Enrollment, Disenrollment and Re-enrollment** | | B | _____ |
| **Enrollee Rights and Protections** | | C | _____ |
| **Quality Assessment and Performance Improvement** | | D | _____ |
| **Grievance Systems** | | F | _____ |
| **Certification and Program Integrity** | | H | _____ |
| **Sanctions** | | I | _____ |
| **Finance and Payment/PIP** | | J | _____ |
| **Procurement Requirements** | | X | _____ |
| Appendix A | Rate Checklist | | _____ |
| Appendix B | General Procurement Requirements | | **(will be added in the future)** |
| Appendix C | Non-Risk Rate Checklist | | **(will be added in the future)** |
| Appendix D | External Quality Review Organization Guidance | | |
| Appendix E | Enrollment Broker Checklist | | _____ |

**Applicability:** Regulations at 42 CFR 438.6(a) specify that CMS Regional Office must review and approve all MCO, PIHP, PAHP and PCCM contracts.  In addition, CMS must review and approve all risk and non-risk contracts less than $1,000,000 that are not subject to prior approval.  The CMS Contract Checklist is intended for use by regional office staff in evaluating state managed care (MC) contracts operating under the new Balanced Budget Act (BBA) regulations.  The checklist contains statutory references and contract requirements collected from the Code of Federal Regulations (CFR), the State Medicaid Manual (SMM), State Medicaid Director (SMD) letters, and the Social Security Act (SSA) which contain provisions enacted by the BBA of 1997.  The cites are arranged in order of precedence, with the statutory cite being primary.  Special Provisions for PIHPs, PAHPs, HIOs, and PCCMs include:

| PIHPs (42 CFR 438.8(a)): | | PAHPs (42 CFR 438.8(b)): | |
|---|---|---|---|
| Requirement | Subpart | Requirement | Subpart |
| 1) The contract requirements of 438.6 except for requirements that pertain to HIOs | A | 1) The contract requirements of 438.6, except requirements for: | |
| 2) The information requirements in 438.10 | A | i) HIOs; | |
| 3) The provision against provider discrimination in 438.12 | A | ii)Advance directives (unless PAHP includes any of the providers in 489.102) | |
| 4) The State responsibility provision of Subpart B, except 438.50 | B | 2) All applicable portions of the information requirements in 438.10 | A |
| 5) The enrollee rights and protection provision in Subpart C | C | 3) The provision against provider discrimination in 438.12. | A |
| 6) The Quality provisions of Subpart D | D | 4) The State responsibility provision of Subpart B - except 438.50. | B |
| 7) The grievance system in Subpart F | F | 5) The provision on enrollee rights and protections in Subpart C | C |
| 8) The certification and program integrity protection provisions set forth in | H | 6) Designated portions of Subpart D | D |
| | | 7) An enrollee's right to a State fair hearing under Subpart E of part 431 | E |
| | | 8) The prohibited affiliation provisions of 438.610 Subpart H | H |

| HIOs: Per 42 CFR 438.6(j), contracts with HIOs that began operating on or after January 1, 1986 and that the statute does not explicitly exempt from requirements in section 1903(m) of the Act, are subject to all the requirements of this part that apply to MCOs and contracts with MCOs. The HIOs may enter into comprehensive risk contracts only if they meet the criteria of paragraph (a) of this section. | Applicability to PCCM programs | |
|---|---|---|
| | **Subpart A** | **Subpart B** |
| | A.1 - Contract Requirements | B.2 - Disenrollment |
| | A.2 - PCCM contracts | B.3 - Procedures for disenrollment |
| | A.5 - Information Requirements | |
| | **Subpart C** | **Subpart F** |
| | C.1 - Enrollee Rights | F.1 - Service Authorization |
| | C.3 - Marketing Activities | |
| | C.7 - Emergency Services | |
| | **Subpart H** | **Subpart I** |
| | H.2 - Program Integrity | I.1 - General |
| | H.3 - Fraud and Abuse | I.2 - Temporary Management |
| | **Subpart X** | I.3 - Termination |
| | X.1 - Contract Provisions | |

**General Definitions:** Topic-specific definitions have been provided in applicable sections (e.g., definitions of appeals and grievances can be found in the Grievance Systems section of the checklist).

| Term | Definition |
|---|---|
| | |
| **Capitation payment** | A payment the State agency makes periodically to a contractor on behalf of each recipient enrolled under a contract for the provision of medical services under the State plan. The State agency makes the payment regardless of whether the particular recipient receives services during the period covered by the payment. |
| **Comprehensive Risk Contract:** | A risk contract that covers comprehensive services, that is, inpatient hospital services and any of the following services, or any three or more of the following services: 1) Outpatient hospital services 2) Rural health clinic services 3) FQHC services 4) Other laboratory and X-ray services 5) Nursing facility (NF) services 6) Early and periodic screening, diagnosis, and treatment (EPSDT) services 7) Family planning services 8) Physician services 9) Home health services |
| **Enrollee:** | A Medicaid recipient who is currently enrolled in an MCO, PIHP, PAHP, or PCCM in a given managed care program. |
| **Federally qualified HMO:** | An HMO that CMS has determined is a qualified HMO under section 1310(d) of the PHS Act. |
| **Health Care Professional:** | A physician or any of the following: a podiatrist, optometrist, chiropractor, psychologist, dentist, physician assistant, physical or occupational therapist, therapist assistant, speech-language pathologist, audiologist, registered or practical nurse (including nurse practitioner, clinical nurse specialist, certified registered nurse anesthetist, and certified nurse midwife), licensed certified social worker, registered respiratory therapist, and certified respiratory therapy technician. |

| Term | Definition |
|---|---|
| **HIO** | Health insuring organization. A county-operated entity that in exchange for capitation payments, covers services for recipients: 1) Through payments to, or arrangements with, providers; 2) Under a comprehensive risk contract with the State; and 3) Meets the following criteria – (i) First became operational prior to January 1, 1986; or (ii) Is described in section 9517(e)(3) of the Omnibus Budget Reconciliation Act of 1985 (as amended by section 4734 of the Omnibus Budget Reconciliation Act of 1990). |
| **MCO:** | Managed care organization. An entity that has, or is seeking to qualify for, a comprehensive risk contract under this part, and that is – 1) A Federally qualified HMO that meets the advance directives requirements of subpart I of part 489; or 2) Any public or private entity that meets the advance directives requirements and is determined to also meet the following conditions: (i) Makes the services it provides to its Medicaid enrollees as accessible (in terms of timeliness, amount, duration, and scope) as those services are to other Medicaid recipients within the area served by the entity; and (ii) Meets the solvency standards of 42 CFR 438.116. |
| **PAHP:** | Prepaid ambulatory health plan. An entity that: 1) Provides medical services to enrollees under contract with the State agency, and on the basis of prepaid capitation payments, or other payment arrangements that do not use State plan payment rates; 2) Does not provide or arrange for, or is not otherwise responsible for the provision of any inpatient hospital or institutional services for its enrollees; and 3) Does not have a comprehensive risk contract. |
| **PCCM:** | Primary care case manager. A physician, a physician group practice, an entity that employs or arranges with physicians to furnish primary care case management services or, at State option, any of the following: 1) A physician assistant. 2) A nurse practitioner. 3) A certified nurse-midwife. |
| **PCP:** | Primary care provider. |
| **PIHP:** | Prepaid inpatient health plan. An entity that: 1) Provides medical services to enrollees under contract with the State agency, and on the basis of prepaid capitation payments, or other payment arrangements that do not use State plan payment rates; 2) Provides, arranges for, or otherwise has responsibility for the provision of any inpatient hospital or institutional services for its enrollees; and 3) Does not have a comprehensive risk contract. |
| **Potential Enrollee:** | A Medicaid recipient who is subject to mandatory enrollment or may voluntarily elect to enroll in a given managed care program, but is not yet an enrollee of a specific MCO, PIHP, PAHP, HIO or PCCM. (Potential enrollee definition is applicable to the Information Requirements - 438.10, not to the Marketing section - 438.104.) |
| **Primary Care Case Management:** | A system under which a PCCM contracts with the State to furnish case management services (which include the locations, coordination and monitoring of primary health care services) to Medicaid recipients. |
| **Primary Care:** | All health care services and laboratory services customarily furnished by or through a general practitioner, family physician, internal medicine physician, obstetrician/gynecologist, or pediatrician, to the extent the furnishing of those services is legally authorized in the State in which the practitioner furnishes |

| Term | Definition |
|---|---|
| | them. |
| **Provider:** | Either of the following:<br>1) For the fee-for-service program, any individual or entity furnishing Medicaid services under an agreement with the Medicaid agency.<br>2) For the managed care program, any individual or entity that is engaged in the delivery of health care services and is legally authorized to do so by the State in which it delivers the services. |
| **Risk Contract:** | A contract under which the contractor:<br>1) Assumes risk for the cost of the services covered under the contract; and<br>2) Incurs loss if the cost of furnishing the services exceeds the payments under the contract. |

**Instructions:**
The checklist is generally grouped into the Subparts of the BBA Medicaid Managed Care regulation at 42 CFR 438 with additional requirements from other parts of federal regulations noted throughout. _Column Explanations:_ **"Legal Cite"** - If there is a statutory cite which further clarifies the requirement, it is the one given. Other cites (regulation, State Medicaid Manual, State Medicaid Director letters) are listed below the statutory reference so that an evaluator may refer to other resources for further clarification of the requirement. **"Entity Type"** - The entities to which each of the requirements apply are listed in this column. **"Where Found"** -This column has been provided for the evaluator to fill in the contract section and page number  (or other citation) indicating where documentation that the requirement has been met was found.  **"Met "-**"[blank]" or "No" means requirement is not met. A checkmark means the requirement is met. "N/A" means the requirement is not applicable. _Evaluation:_ Evaluators should review the contract language and compare it to the "Subject" column in the table to determine whether the required language is contained in the contract. The column "Where Found" is provided for the evaluator's use in noting where the required language is found in the contract or other document.  If the language is present and fulfills the requirement, evaluators should place a check in the "Met" column.  If the language is absent, evaluators should leave the column blank or indicate "No". If the requirement is not applicable to the entity or review you are doing, indicate "N/A". Resolution of issues concerning absent or incomplete requirements is left up to the discretion of the evaluation team. *Note: Because the statements referred to in this checklist are federal requirements, it is not sufficient to have generic contract language saying the contractor must comply with all federal statutes and regulations.*  A number of items in this checklist cite the SMM and SMDs.  The SMM is currently under review for revision to comply with the BBA Medicaid managed care regulation.  Where any discrepancies exist between the SMM/SMD and the Medicaid managed care regulation, the regulation supercedes the SMM/SMD. All items in this checklist are applicable to contracts under 1115 demonstration programs unless the requirement is specifically waived in a Term and Condition.   All items in this checklist are applicable to contracts under State Plan Amendments. *Shaded rows* indicate the item is not required in the contract itself but must be in a document that is legally binding on the entity, (e.g. state statute, state regulation).  Items that are not shaded must be in the contract itself.

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| Subpart A - General Provisions- This section generally includes the requirements from 42 CFR 438 part A. The following requirements have been consolidated:<br>• Enrollment provisions to Section B.2<br>• Compliance with other Federal and State Laws and rules to Section C.1.<br>• Physician incentive plans to Section J.3.<br>• Subcontracts to Section D.2.<br>• Credentialing to Section D.2<br>• Choice of Providers to Section B.1 | | | | | | |
| Subsection A.1 - Contract Requirements | | | | | | |
| A.1.01 | 42 CFR 438.6(g) | Inspection and audit of financial records. Risk contracts must provide that the State agency and the Department may inspect and audit any financial records of the entity or its subcontractors. | MCO PIHP PAHP | | | |
| A.1.02 | 42 CFR 438.6(i)(1) | Advance Directives.  All MCO and PIHP contracts must provide for compliance with the | MCO | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | 42 CFR 438.10(g)(2)<br>42 CFR 422.128<br>42 CFR 489 (Subpart I)<br>42 CFR 489.100 | requirements of 422.128 for maintaining written policies and procedures for advance directives.  Requirements of  422.128:<br>• Each MCO and PIHP must maintain written policies and procedures that meet requirements for advance directives in Subpart I of part 489.<br>• Advance directives are defined in 42 CFR 489.100.<br>• Each MCO and PIHP must maintain written policy and procedures concerning advance directives with respect to all adult individuals receiving medical care by or through the MCO or PIHP.<br>• Each MCO and PIHP must provide written information to those individuals with respect to the following:<br>  • Their rights under the law of the state.<br>  • The organizations' policies respecting the implementation of those rights, including a statement of any limitation regarding the implementation of advance directives as a matter of conscience.<br>  • The MCO or PIHP must inform individuals that complaints concerning noncompliance with the advance directive requirements may be filed with the State survey and certification agency. | PIHP | | | |
| A.1.03 | 42 CFR 438.6(i)(2)<br>42 CFR 438.10(h) | Advance Directives for PAHPs. All PAHP contracts must provide for compliance with the requirements of 422.128 (see above) of this chapter for maintaining written policies and procedures for advance directives if the PAHP includes, in its network, any of those providers listed in 489.102(a) of this chapter.<br>The providers include Home Health Agency or Hospital Outpatient and Hospice. | PAHP | | | |
| A.1.04 | 42 CFR 438.6(i)(3) and (4) | Advance Directives. The MCO, PIHP, or PAHP subject to this requirement must provide adult enrollees with written information on advance directives policies, and include a description of applicable State law.  The written information provided by the MCO, PIHP, or PAHP must reflect changes in State law as soon as possible, but no later than 90 days after the effective date of the change | MCO<br>PIHP<br>PAHP | | | |
| | Subsection A.2 – PCCM Contracts | | | | | |
| A.2.01 | 42 CFR 438.6(k) | Additional Rules for Contracts with PCCM.  PCCM contract must:<br>• Provide for reasonable and adequate hours of operation, including 24-hour availability of information, referral, and treatment for emergency medical conditions.<br>• Restrict enrollment to recipients who reside sufficiently near one of the manager's delivery sites to reach that site within a reasonable time using available and affordable modes of transportation.<br>• Provide for arrangements with or referrals to, sufficient numbers of physicians and other practitioners to ensure that services under the contract can be furnished to enrollees promptly and without compromise to quality of care.<br>• Prohibit discrimination in enrollment, disenrollment, and re-enrollment, based on the recipient's health status or need for health care services. | PCCM | | | |
| A.2.02 | 42 CFR 438.6(k)(5) | PCCM contract enrollee disenrollment. Must provide that enrollees have the right to disenroll | PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | 42 CFR 438.56(c) | from their PCCM in accordance with 438.56(c). | | | | |
| Subsection A.3 – Information Requirements | | | | | | |
| A.3.01 | 42 CFR 438.10(a) | Terminology.  **Enrollee** means a Medicaid recipient who is currently enrolled in an MCO, PIHP, PAHP, or PCCM in a given managed care program. **Potential enrollee** means a Medicaid recipient who is subject to mandatory enrollment or may voluntarily elect to enroll in a given managed care program, but is not yet an enrollee of a specific MCO, PIHP, PAHP, and PCCM. | MCO PIHP PAHP PCCM | | | |
| A.3.02 | 42 CFR. 438.10(b)(1) SMD letter 02/20/98 | Basic Rules.  Each State, enrollment broker, MCO, PIHP, PAHP, and PCCM must provide all enrollment notices, informational materials, and instructional materials relating to enrollees and potential enrollees in a manner and format that may be easily understood. | MCO PIHP PAHP PCCM | | | |
| A.3.03 | 42 CFR 438.10(b)(3) | Mechanism. Each MCO and PIHP must have in place a mechanism to help enrollees and potential enrollees understand the requirements and benefits of the plan. | MCO PIHP | | | |
| A.3.04 | 42 CFR 438.10(c)(3), (4), and (5) | Language requirements. Each entity must make its written information available in the prevalent non-English languages in its particular service area.  The State must establish a methodology for identifying the prevalent non-English languages spoken by enrollees and potential enrollees and provide the information to the entities. Each entity must make oral interpretation services available free of charge to each potential enrollee and enrollee.  This applies to all non-English languages not just those that the State identifies as prevalent. The beneficiary is not to be charged for interpretation services.  Either the State or the entity, at the State's discretion, will be responsible to pay for these services. Each entity must notify its enrollees that oral interpretation is available for any language and written information is available in prevalent languages and how to access those services. | MCO PIHP PAHP PCCM | | | |
| A.3.05 | 42 CFR 438.10(d)(1)(i) 42 CFR 438.10(d)(1)(ii) and (2) | Format and alternative format requirements. Written material must use easily understood language and format.  Written material must be available in alternative formats and in an appropriate manner that takes into consideration the special needs of those who, for example, are visually limited or have limited reading proficiency. All enrollees and potential enrollees must be informed that information is available in alternative formats and how to access those formats. | MCO PIHP PAHP PCCM | | | |
| A.3.06 | 42 CFR 438.10(f)(5) | Notice of provider termination. The MCO, PIHP, and when appropriate, the PAHP or PCCM must make a good faith effort to give written notice of termination of a contracted provider, within 15 days after receipt or issuance of the termination notice, to each enrollee who received his or her primary care from, or was seen on a regular basis by, the terminated provider. | MCO PIHP PAHP PCCM | | | |
| A.3.07 | 42 CFR 422.208 42 CFR 422.210 42 CFR 431.230 42 CFR 438.10(f) 42 CFR 438.10(f)(2) 42 CFR 438.10(f)(3) | Information - Enrollees.  If the State delegates this function to the entity, the contract must provide the information of this section to each enrollee as follows: <br>• notify all enrollees of their disenrollment rights, at a minimum, annually. For States that choose to restrict disenrollment for periods of 90 days or more, States must send the notice no less than 60 days before the start of each enrollment period. <br>• notify all enrollees, at the time of enrollment, of the enrollee's rights to change providers | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | 42 CFR 438.10(f)(6)<br>SMD Letter 1/21/98<br>42 CFR 438.10(f)(6)(iv)<br>42 CFR 438.10(g)(1)<br>42 CFR 438.10(h)<br>42 CFR 438.102(c)<br>42 CFR 438.400 through<br>42 CFR 438.424<br>42 CFR 438.6(h)<br>42 CFR 438.6(h)<br>42 CFR 438.6(i)(1)<br>42 CFR 438.6(i)(2)<br>42 CFR 489.102(a)<br>SMM 2900<br>SMM 2902.2 | or disenroll enrollment for cause.<br>• notify all enrollees of their right to request and obtain the information listed in paragraph 1 of this section and, if applicable, paragraph 2 and 3of this section, at least once a year.<br>• furnish to each of its enrollees the information specified in paragraph 1 of this section and, if applicable, paragraph 2 and 3 of this section, within a reasonable time after the MCO, PIHP, PAHP, or PCCM receives, from the State or its contracted representative, notice of the recipient's enrollment.<br>• give each enrollee written notice of any change (that the State defines as ''significant'') in the information specified in paragraph 1 of this section and, if applicable, paragraph 2 and 3 of this section, at least 30 days before the intended effective date of the change.<br>• furnish to each of its enrollees the information specified in paragraph 1 and, if applicable, paragraphs 2 and 3, within a reasonable time after the MCO, PIHP, PAHP, or PCCM receives, from the State or its contracted representative, notice of the recipient's enrollment.<br><br>Paragraph 1: The information in 42 CFR 438.10(f)(6) for MCO, PIHP, PAHP and PCCM includes:<br>• Names, locations, telephone numbers of, and non-English languages spoken by current contracted providers in the enrollee's service area, including identification of providers that are not accepting new patients. For MCOs, PIHPs, and PAHPs this includes, at a minimum, information on primary care physicians, specialists, and hospitals.<br>• Any restrictions on the enrollee's freedom of choice among network providers.<br>• Enrollee rights and protections, as specified in § 438.100.<br>• Information on grievance and fair hearing procedures, and for MCO and PIHP enrollees, the information specified in § 438.10(g)(1), and for PAHP enrollees, the information specified in § 438.10(h).<br>• The amount, duration, and scope of benefits available under the contract in sufficient detail to ensure that enrollees understand the benefits to which they are entitled.<br>• Procedures for obtaining benefits, including authorization requirements.<br>• The extent to which, and how, enrollees may obtain benefits, including family planning services, from out-of-network providers.<br>• The extent to which, and how, after-hours and emergency coverage are provided, including:<br>  ➢ What constitutes emergency medical condition, emergency services, and poststabilization services, with reference to the definitions in § 438.114(a).<br>  ➢ The fact that prior authorization is not required for emergency services.<br>  ➢ The process and procedures for obtaining emergency services, including use of the 911-telephone system or its local equivalent.<br>  ➢ The locations of any emergency settings and other locations at which providers and hospitals furnish emergency services and poststabilization services covered under | | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | the contract.<br>&#10147; The fact that, subject to the provisions of this section, the enrollee has a right to use any hospital or other setting for emergency care.<br>• The poststabilization care services rules set forth at § 422.113(c) of this chapter.<br>• Policy on referrals for specialty care and for other benefits not furnished by the enrollee's primary care provider.<br>• Cost sharing, if any.<br>• How and where to access any benefits that are available under the State plan but are not covered under the contract, including any cost sharing, and how transportation is provided. For a counseling or referral service that the MCO, PIHP, PAHP, or PCCM does not cover because of moral or religious objections, the MCO, PIHP, PAHP, or PCCM need not furnish information on how and where to obtain the service. The State must provide information on how and where to obtain the service.<br><br>Paragraph 2: Information to MCO or PIHP enrollees (42 CFR 438.10 (g))<br>• Grievance, appeal and fair hearing procedures and timeframes, as provided in 438.400 through 438.424, in a State -developed or State-approved description that  must include the following:<br>• For State fair hearing:<br>&#10147; The right to hearing;<br>&#10147; The method for obtaining a hearing; and<br>&#10147; The rules that govern representation at the hearing.<br>• The right to file grievances and appeals.<br>• The requirements and timeframes for filing a grievance or appeal<br>• The availability of assistance in the filing process<br>• The toll-free numbers that the enrollee can use to file a grievance or an appeal by phone.<br>• The fact that, when requested by the enrollee--<br>&#10147; Benefits will continue if the enrollee files an appeal or a request for State fair hearing within the timeframes specified for filing; and<br>&#10147; The enrollee may be required to pay the cost of services furnished while the appeal is pending, if the final decision is adverse to the enrollee.<br>• Any appeal rights that the State chooses to make available to providers to challenge the failure of the organization to cover a service.<br>• Advance Directives, as set forth in 438.6(i)(1).<br>• Additional information that is available upon request, including the following:<br>&#10147; Information on the structure and operation of the MCO or PIHP.<br>&#10147; Physician incentive plans as set forth in 438.6(h) of this chapter.<br><br>Paragraph 3 - Information to PAHP enrollees (42 CFR 438.10 (h))<br>• The right to a State fair hearing, which includes the following: | | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | ➢  The right to a hearing<br>➢  The method of obtaining a hearing<br>➢  The rules that govern representation<br>•  Advance directives, as in 438.6(i)(2) to the extent that the PAHP includes any of the providers listed in 489.102(a).<br>Upon request physician incentive plans as in 438.6(h). | | | | |
| | Subsection A.4 – Provider Discrimination | | | | | |
| A.4.01 | 42 CFR 438.12(a)(1)<br>42 CFR 438.214(c)<br>SMD letter 02/20/98 | General. An MCO, PIHP, or PAHP may not discriminate for the participation, reimbursement, or indemnification of any provider who is acting within the scope of his or her license or certification under applicable State law, solely on the basis of that license or certification. | MCO<br>PIHP<br>PAHP | | | |
| A.4.02 | 42 CFR 438.12(a)(1)<br>42 CFR 438.12(b)(1) | Declining providers. If an MCO, PIHP, or PAHP declines to include individual or groups of providers in its network, it must give the affected providers written notice of the reason for its decision.  42 CFR 438.12 (a) of this section  may not be construed to:<br>•  Require the MCO, PIHP, or PAHP to contract with providers beyond the number necessary to meet the needs of its enrollee.<br>•  Preclude the MCO, PIHP, or PAHP from using different reimbursement amounts for different specialties or for different practitioners in the same specialty; or<br>•  Preclude the MCO, PIHP or PAHP from establishing measures that are designed to maintain quality of services and control costs and is consistent with its responsibilities to enrollee. | MCO<br>PIHP<br>PAHP | | | |
| Subpart B - Enrollment, Disenrollment and Re-enrollment | | | | | | |
| | Subsection B.1 - Choice and Limitations on changes between PCPs | | | | | |
| B.1.01 | 42 CFR 438.6(m) | Choice of health professional.  The contract must allow each enrollee to choose his or her health professional to the extent possible and appropriate. | MCO<br>PIHP<br>PAHP | | | |
| B.1.02 | 42 CFR 438.52(d)<br>42 CFR 438.56(c)<br><br>SMD letter 01/14/98 | Choice. Limitations on changes between primary care providers.  For an enrollee of a rural single MCO, PIHP, PAHP, or HIO under 438.52(b)(2) or (3), any limitation the State or plan imposes on his or her freedom to change between primary care providers may be no more restrictive than the limitation on disenrollment under 438.56(c). | MCO<br>PIHP<br>PAHP<br>HIO | | | |
| | Subsection B.2 - Enrollment | | | | | |
| B.2.01 | 42 CFR 438.6 (d)(2) | Enrollment Process.  Contract must specify procedures for enrollment and reenrollment and provide that the MCO, PIHP, PAHP or PCCM enrollment is voluntary, except in the case of mandatory enrollment programs that meet 438.50(a). | MCO<br>PIHP<br>PAHP<br>PCCM | | | |
| B.2.02 | 42 CFR 438.56(g) | Automatic reenrollment.  If the State plan so specifies, the contract must provide for automatic reenrollment of a recipient who is disenrolled solely because he or she loses Medicaid eligibility for a period of 2 months or less. | MCO<br>PIHP<br>PAHP<br>PCCM | | | |
| B.1.03 | 42 CFR 438.6 (d)(1) | Enrollment discrimination prohibited.  Contracts must provide that the MCO, PIHP, PAHP, or | MCO | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | PCCM accepts individuals in the order in which they apply without restriction, (unless authorized by the Regional Administrator), up to the limits set under the contract. | PIHP PAHP PCCM | | | |
| B.1.04 | 42 CFR 438.6 (d) (3) and (4) | Enrollment not discriminatory. The MCO, PIHP, PAHP or PCCM will not discriminate against individuals eligible to enroll on the basis of: <br> • health status or need for health care services, discriminate against individuals eligible to enroll. <br> • race, color, or national origin, and will not use any policy or practice that has the effect of discriminating on the basis of race, color, or national origin. | MCO PIHP PAHP PCCM | | | |
| | Subsection B.3 - Disenrollment | | | | | |
| B.3.01 | 42 CFR 438.56(a) SMD letter 01/21/98 | Disenrollment Requirements.  Disenrollment provisions apply to all managed care arrangements whether enrollment is mandatory or voluntary and regardless of entity type | MCO PIHP PAHP PCCM | | | |
| B.3.02 | 42 CFR 438.56(b)(1) SMM 2090.12 | Disenrollment of an enrollee by an entity.  All MCO, PIHP, PAHP, and PCCM contracts must specify the reasons for which the MCO, PIHP, PAHP, or PCCM may request disenrollment of an enrollee. | MCO PIHP PAHP PCCM | | | |
| B.3.03 | 1903(m)(2)(A)(v) 42 CFR 438.56(b)(2) SMM 2090.4 SMM 2090.12 SMM 2088.3 | Change in Health Status. All MCO, PIHP, PAHP, and PCCM contracts must provide that the MCO, PIHP, PAHP or PCCM may not request disenrollment because of a change in the enrollee's health status, or because of the enrollee's utilization of medical services, diminished mental capacity, or uncooperative or disruptive behavior resulting from his or her special needs (except when his or her continued enrollment in the MCO, PIHP, PAHP, or PCCM seriously impairs the entity's ability to furnish services to either this particular enrollee or other enrollees). | MCO PIHP PAHP PCCM | | | |
| B.3.04 | 42 CFR 438.56(b)(3) | Method. All MCO, PIHP, PAHP, and PCCM contracts must specify the methods by which the MCO, PIHP, PAHP, or PCCM assures the agency that it does not request disenrollment for reasons other than those permitted under the contract. | MCO PIHP PAHP PCCM | | | |
| B.3.05 | 1932(a)(4)(A) 1932(e)(2)(C) 42 CFR 438.56(c)(1) 438.56(c)(2)(i), (ii), (iii), and (iv) 42 CFR 438.702(a)(3) SMD letter 02/20/98 SMD letter 01/21/98 | Disenrollment if limited.  If the State chooses to limit disenrollment, the following must be specified in the contract: <br> • a recipient may request disenrollment for cause, at any time. <br> • a recipient may request disenrollment without cause during the 90 days following the date of the recipient's initial enrollment with the MCO, PIHP, PAHP, or PCCM, or the date the State sends the recipient notice of the enrollment, whichever is later. <br> • that a recipient may request disenrollment without cause at least once every 12 months thereafter. <br> • that a recipient may request disenrollment upon automatic reenrollment under 438.56(g), if the temporary loss of Medicaid eligibility has caused the recipient to miss the annual disenrollment opportunity. | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | • provide that a recipient may request disenrollment when the State imposes the intermediate sanction specified in 438.702(a)(3). | | | | |
| B.3.06 | 42 CFR 438.56(d)(1)(i) 42 CFR 438.56(d)(1)(ii) | Request for disenrollment by recipient. The recipient (or his or her representative) must submit an oral or written request to the State agency (or its agent). If the State permits MCOs, PIHP, PAHPs or PCCMs to process disenrollment requests, then the recipient would submit the oral or written request to the entity. | MCO PIHP PAHP PCCM | | | |
| B.3.07 | 42 CFR 438.56(d)(2) | Cause for disenrollment. The following are cause for disenrollment: • The enrollee moves out of the MCO's, PIHP's, PAHP's or PCCM's service area. • The plan does not, because of moral or religious objections, cover the service the enrollee seeks. • The enrollee needs related services (for example a cesarean section and a tubal ligation) to be performed at the same time; not all related services are available within the network; and the enrollee's primary care provider or another provider determines that receiving the services separately would subject the enrollee to unnecessary risk. Other reasons, including but not limited to, poor quality of care, lack of access to services covered under the contract, or lack of access to providers experienced in dealing with the enrollee's health care needs. | MCO PIHP PAHP PCCM | | | |
| B.3.08 | 42 CFR 438.56(d)(3)(i) | Entities action on request for disenrollment by the recipient. An entity may either approve a request for disenrollment or refer the request to the State. | MCO PIHP PAHP PCCM | | | |
| B.3.09 | 42 CFR 438.56(e)(1) and (2) 42 CFR 438.56(d)(3)(ii) SMM 2090.6 SMM 2090.11 | Disenrollment Timeframes.  Regardless of the procedures followed, the effective date of an approved disenrollment must be no later than the first day of the second month following the month in which the enrollee or the MCO, PIHP, PAHP, or PCCM files the request. If the entity or State agency (whichever is responsible) fails to make a disenrollment determination within the timeframes specified in paragraph (e)(1), the disenrollment is considered approved. | MCO PIHP PAHP PCCM | | | |
| B.3.10 | 42 CFR 438.56(d)(5)(ii) and (iii) 42 CFR 438.56(e)(1) | Use of entity's grievance procedures.  If the state requires the enrollee to seek redress through the MCO, PIHP, PAHP, or PCCM grievance system, the grievance process must be completed in time to permit the disenrollment (if approved) to be effective in accordance with the timeframe specified in 438.56(e)(1).  If, as a result of the grievance process, the MCO, PIHP, PAHP, or PCCM approves the disenrollment, the State agency is not required to make a determination. | MCO PIHP PAHP PCCM | | | |
| Subpart C - Enrollee Rights and Protections - This section generally includes the requirements from 42 CFR 438 part C. The following requirements have been consolidated:  • Enrollee Liability for Payment to Section J.1  • Solvency Standards to Section J.2 | | | | | | |
| Subsection C.1 - Enrollee Rights | | | | | | |
| C.1.01 | 42 CFR 438.100(a)(1) | General Rule. The MCO and PIHP must have written policies regarding the enrollee rights specified in this section, including:  • Each managed care enrollee is guaranteed the right to be treated with respect and | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | with due consideration for his or her dignity and privacy.<br>• Each managed care enrollee is guaranteed the right to receive information on available treatment options and alternatives, presented in a manner appropriate to the enrollee's condition and ability to understand.<br>• Each managed care enrollee is guaranteed the right to participate in decisions regarding his or her health care, including the right to refuse treatment.<br>• Each managed care enrollee is guaranteed the right to be free from any form of restraint or seclusion used as a means of coercion, discipline, convenience, or retaliation.<br>• Each managed care enrollee is guaranteed the right to request and receive a copy of his or her medical records, and to request that they be amended or corrected, as specified in 45 CFR part 164. | | | | |
| C.1.02 | 42 CFR 438.100(c) | Free exercise of rights. Each enrollee is free to exercise his or her rights, and that the exercise of those rights does not adversely affect the way the MCO, PIHP, PAHP or PCCM and its providers or the State agency treat the enrollee. | MCO PIHP PAHP PCCM | | | |
| C.1.03 | 42 CFR 438.6(f)(1)<br>42 CFR 438.100(a)(2)<br>42 CFR 438.100(d) | Compliance with Other State and Federal Laws and Regulations. All contracts must comply with all Federal and State laws and regulations including title VI of the Civil Rights Act of 1964; title IX of the Education Amendments of 1972 (regarding education programs and activities); the Age Discrimination Act of 1975; the Rehabilitation Act of 1973; and the Americans with Disabilities Act.  Each MCO, PIHP, PAHP or PCCM must comply with any other applicable Federal and State laws (such as Title VI of the Civil Rights Act of 1964, etc.) and other laws regarding privacy and confidentiality.  Each MCO, PIHP, PAHP, and PCCM must comply with any applicable Federal and State laws that pertain to enrollee rights and ensure that its staff and affiliated providers take those rights into account when furnishing services to enrollees. | MCO PIHP PAHP PCCM | | | |
| | Subsection C.2 - Provider- Enrollee Communication | | | | | |
| C.2.01 | 1932(b)(3)(D)<br>42 CFR 438.102(a)(1)(i), (ii), (iii) and (iv)<br>SMD letter 2/20/98 | Anti-gag clause.  An MCO, PIHP, or PAHP may not prohibit, or otherwise restrict, a health care professional acting within the lawful scope of practice, from advising or advocating on behalf of an enrollee who is his or her patient:<br>• for the enrollee's health status, medical care, or treatment options, including any alternative treatment that may be self-administered.<br>• for any information the enrollee needs in order to decide among all relevant treatment options.<br>• for the risks, benefits, and consequences of treatment or non-treatment.<br>• for the enrollee's right to participate in decisions regarding his or her health care, including the right to refuse treatment, and to express preferences about future treatment decisions. | MCO PIHP PAHP | | | |
| C.2.05 | 1932(b)(3)(B)(i)<br>42 CFR 438.102(a)(2) | Moral or religious objections. An MCO, PIHP, or PAHP that would otherwise be required to provide, reimburse for, or provide coverage of, a counseling or referral service is not required | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | SMD letter 2/20/98 | to do so if the MCO, PIHP, or PAHP objects to the service on moral or religious grounds. | PAHP | | | |
| C.2.06 | 1932(b)(3)(B)(ii) 42 CFR 438.102(b)(1) | Information Requirements. If the MCO, PIHP or PAHP elects not to provide, reimburse for, or provide coverage of, a counseling or referral service because of an objection on moral or religious grounds, it must furnish information about the services it does not cover as follows: <br> • to the State <br> • with its application for a Medicaid contract <br> • whenever it adopts the policy during the term of the contract; and <br> • it must be consistent with the provisions of 42 CFR 438.10 <br> • it must be provided to potential enrollees before and during enrollment <br> • it must be provided to enrollees within 90 days after adopting the policy with respect to any particular service. | MCO PIHP PAHP | | | |
| | Subsection C.3 - Marketing Activities | | | | | |
| C.3.01 | 42 CFR 438.104(a) | Terminology. <br> • **Cold Call Marketing** means any unsolicited personal contact by the MCO, PIHP, PAHP, or PCCM with a potential enrollee for the purpose of marketing as defined in this paragraph. <br> • **Marketing** means any communication, from an MCO, PIHP, PAHP, or PCCM to a Medicaid recipient who is not enrolled in that entity, that can reasonably be interpreted as intended to influence the recipient to enroll in that particular MCO's, PIHP's, PAHP's, or PCCM's Medicaid product, or either to not enroll in, or to disenroll from, another MCO's, PIHP's, PAHP or PCCM's Medicaid product. <br> • **Marketing Materials** means materials: that are produced in any medium, by or on behalf of an MCO, PIHP, PAHP, or PCCM can reasonably be interpreted as intended to market to potential enrollees | MCO PIHP PAHP PCCM | | | |
| C.3.02 | 1932(d)(2)(A)(I) 42 CFR 438.104(b)(1)(i) SMD letter 12/30/97 | State Approval. The contract must provide that the entity does not distribute any marketing materials without first obtaining State approval. | MCO PIHP PAHP PCCM | | | |
| C.3.03 | 1932(d)(2)(A)(i)(II) 1932(d)(2)(B), (C), (D) and (E) 42 CFR 438.104(b)(1)(ii), (iii), (iv) and (v) 42 CFR 438.104(b)(2) 42 CFR 438.104(b)(2)(i) and (ii) SMD letter 12/30/97 SMD letter 2/20/98 | Informed Decision. The contract must provide that the entity complies with the information requirements of 438.10 to ensure that, before enrolling, the recipient receives, from the entity or the State, the accurate oral and written information he or she needs to make an informed decision on whether to enroll. Each contract must specify the methods by which the entity assures that State agency that marketing, including plans and materials, is accurate and does not mislead, confuse, or defraud the recipients or the State agency. Marketing materials cannot contain any assertion or statement (whether written or oral) that: <br> • the recipient must enroll in the MCO, PIHP, PAHP, or PCCM in order to obtain benefits or in order not to lose benefits. <br> • that the MCO, PIHP, PAHP, or PCCM is endorsed by CMS, the Federal or State government or similar entity. | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | SMM 2090.1<br>SMM 2101 | Marketing requirements must include the following:<br>• that the entity distributes the materials to its entire service area as indicated in the contract.<br>• that the entity does not seek to influence enrollment in conjunction with the sale or offering of any private insurance.<br>• that the entity does not, directly or indirectly, engage in door-to-door, telephone, or other cold-call marketing activities. | | | | |
| | Subsection C.4 – Cost Sharing | | | | | |
| C.4.01 | 1916(a)(2)(D)<br>1916(b)(2)(D)<br>42 CFR 438.108<br>SMM 2089.8<br>SMD letter 12/30/97 | General. Any cost sharing imposed on Medicaid enrollees is in accordance with 42 CFR 447.50 through 42 CFR 447.60 (same as permitted in FFS). | MCO<br>PIHP<br>PAHP | | | |
| | Subsection C.5 – Emergency and Post-stabilization Services | | | | | |
| C.5.01 | 1932(b)(2)<br>42 CFR 438.114(a)<br>SMD letter 2/20/98 | Emergency medical condition means a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) that a prudent layperson, who possesses an average knowledge of health and medicine, could reasonably expect the absence of immediate medical attention to result in placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy, serious impairments to bodily functions, or serious dysfunction of any bodily organ or part. | MCO<br>PIHP<br>PAHP | | | |
| C.5.02 | 1932(b)(2)<br>42 CFR 438.114(a)<br>SMD letter 2/20/98 | Emergency services means covered inpatient and outpatient services that are:<br>furnished by a provider that is qualified to furnish these services under this title and that are needed to evaluate or stabilize an emergency medical condition. | MCO<br>PIHP<br>PAHP | | | |
| C.5.03 | 1852(d)(2)<br>42 CFR 438.114(a)<br>42 CFR 422.113(c)(1)<br>SMD letter 8/5/98 | Post stabilization services means covered services, related to an emergency medical condition that are provided after an enrollee is stabilized in order to maintain the stabilized condition, or, under the circumstances described in 42 CFR 438.114(e) to improve or resolve the enrollee's condition. | MCO<br>PIHP<br>PAHP | | | |
| | Subsection C.6 – Emergency Services: Coverage and Payment | | | | | |
| C.6.01 | 1852(d)(2)<br>42 CFR 438.114(b)<br>42 CFR 422.113(c)<br>SMD letter 8/5/98 | Emergency services. The MCO, PIHP, PAHP, or PCCM with at risk contract is responsible for coverage and payment of emergency services and post stabilization care services. | MCO<br>PIHP<br>PAHP | | | |
| C.6.02 | 1932(b)(2)<br>42 CFR 438.114(c)(1)(i)<br>SMD letter 2/20/98 | Emergency services. The MCO, PIHP, PAHP, or PCCM must cover and pay for emergency services regardless of whether the provider that furnishes the services has a contract with the entity. | MCO<br>PIHP<br>PAHP<br>PCCM | | | |
| C.6.03 | 1932(b)(2) | Emergency medical condition. The MCO, PIHP, PAHP, or PCCM may not deny payment for | MCO | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | 42 CFR 438.114(c)(1)(ii)(A) SMD letter 2/20/98 | treatment obtained when an enrollee had an emergency medical condition, including cases in which the absence of immediate medical attention would not have had the outcomes specified in 42 CFR 438.114(a) of the definition of emergency medical condition. | PIHP PAHP PCCM | | | |
| C.6.04 | 42 CFR 438.114(c)(1)(ii)(B) SMD letter 2/20/98 | Emergency services. The MCO, PIHP, PAHP, PCCM may not deny payment for treatment obtained when a representative of the entity instructs the enrollee to seek emergency services. | MCO PIHP PAHP PCCM | | | |
| C.6.05 | 42 CFR 438.114(c)(2)(i) | PCCM Requirements. A PCCM must allow enrollees to obtain emergency services outside the primary care case management system regardless of whether the case manager referred the enrollee to the provider that furnished the services. | PCCM | | | |
| C.6.06 | 42 CFR 438.114(c)(2)(ii) | PCCM Requirements. A PCCM must pay for emergency services if the manager's contract is a risk contract that covers those services. | PCCM | | | |
| C.6.07 | 42 CFR 438.114(d)(1)(i) | Additional rules. The entities specified in 42 CFR 438.114(b) may not limit what constitutes an emergency medical condition on the basis of lists of diagnoses or symptoms. | MCO PIHP PAHP | | | |
| C.6.08 | 42 CFR 438.114(d)(1)(ii) | Additional rules. The entities specified in 42 CFR 438.114(b) may not refuse to cover emergency services based on the emergency room provider, hospital, or fiscal agent not notifying the enrollee's primary care provider, MCO, PIHP, PAHP or applicable State entity of the enrollee's screening and treatment within 10 calendar days of presentation for emergency services. | MCO PIHP PAHP | | | |
| C.6.09 | 42 CFR 438.114(d)(2) | Additional rules. An enrollee who has an emergency medical condition may not be held liable for payment of subsequent screening and treatment needed to diagnose the specific condition or stabilize the patient. | MCO PIHP PAHP | | | |
| C.6.10 | 42 CFR 438.114(d)(3) | Additional rules. The attending emergency physician, or the provider actually treating the enrollee, is responsible for determining when the enrollee is sufficiently stabilized for transfer or discharge, and that determination is binding on the entities identified in 42 CFR 438.114(b) as responsible for coverage and payment. | MCO PIHP PAHP | | | |
| | Subsection C.7 – Post-stabilization Services: Coverage and Payment | | | | | |
| C.7.01 | 42 CFR 438.114(e) 42 CFR 422.113(c)(2)(i) SMD letter 8/5/98 | Post stabilization care services are covered and paid for in accordance with provisions set forth at 42 CFR 422.113(c): Financial responsibility--pre-approved. The entity is financially responsible for post-stabilization services obtained within or outside the entity that are pre-approved by a plan provider or other entity representative. | MCO PIHP PAHP | | | |
| C.7.02 | 42 CFR 438.114(e) 42 CFR 422.133(c)(2)(ii) and (iii) SMD letter 8/5/98 | Financial responsibility--no pre-approval. The contracting entity is financially responsible for post-stabilization care services obtained within or outside the entity that are not pre-approved by a plan provider or other entity representative, but administered to maintain the enrollee's stabilized condition within 1 hour of a request to the entity for pre-approval of further post-stabilization care services. | MCO PIHP PAHP | | | |
| C.7.03 | 42 CFR 438.114(e) 42 CFR | Financial responsibility--no pre-approval. The contracting entity is financially responsible for post-stabilization care services obtained within or outside the entity that are not pre-approved | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | 422.113(c)(2)(iii) | by a plan provider or other entity representative, but administered to maintain, improve or resolve the enrollee's stabilized condition if-- <br>• The M+C organization does not respond to a request for pre-approval within 1 hour; <br>• the M+C organization cannot be contacted; or <br>• the M+C organization representative and the treating physician cannot reach an agreement concerning the enrollee's care and a plan physician is not available for consultation. In this situation, the M+C organization must give the treating physician the opportunity to consult with a plan physician and the treating physician may continue with care of the patient until a plan physician is reached or one of the criteria of 422.133(c)(3) is met. | PAHP | | | |
| C.7.04 | 42 CFR 438.114(e) <br>42 CFR 422.133(c)(2)(iv) <br>SMD letter 8/5/98 | Limit charges. The M+C organization must limit charges to enrollees for post-stabilization care services to an amount no greater than what the organization would charge the enrollee if he or she had obtained the services through the M+C organization. | MCO PIHP PAHP | | | |
| C.7.05 | 42 CFR 438.114(e) <br>42 CFR 422.133(c)(3) <br>SMD letter 8/5/98 | End of financial responsibility. The M+C organization's financial responsibility for post-stabilization care services it has not pre-approved ends when: <br>• a plan physician with privileges at the treating hospital assumes responsibility for the enrollee's care; <br>• a plan physician assumes responsibility for the enrollee's care through transfer; <br>• an M+C organization representative and the treating physician reach an agreement concerning the enrollee's care; or <br>• the enrollee is discharged. | MCO PIHP PAHP | | | |
| | Subsection C.8 – Other Services | | | | | |
| C.8.01 | 42 CFR 431.51(b)(2) | Family planning- The contract must specify that enrollment in the MCO/PIHP/PAHP/PCCM does not restrict the choice of the provider from whom the person may receive family planning services and supplies. | MCO PIHP PAHP PCCM | | | |
| C.8.02 | 42 CFR 456.111 <br>42 CFR 456.211 | Medical Record Content – Is consistent with the utilization control requirement of Part 456 | MCO PIHP PAHP PCCM | | | |
| C.8.03 | 42 CFR 441.202 | The entity may only provide for abortions I the following situations: <br>• If the pregnancy is the result of an act of rape or incest; or <br>• In the case where a woman suffers from a physical disorder, physical injury, or physical illness, including a life-endangering physical condition caused by or arising from the pregnancy itself, that would, as certified by a physician, place the woman in danger of death unless an abortion is performed. <br><br>No other abortions, regardless of funding, can be provided as a benefit under the managed care contract. Effective: 11/13/97 | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | | | | | |
| C.8.04 | 42 CFR 493.1 and 493.3 | Clinical Laboratory Improvement Act:(CLIA):  The contract must provide that all laboratory testing sites providing services under the contract have either a CLIA certificate or waiver of a certificate of registration along with a CLIA identification number | MCO PIHP PAHP | | | |
| Subpart D - Quality Assessment and Performance Improvement - This section generally includes the requirements from 42 CFR 438 part D. The following requirements have been consolidated: <br> • Service Authorization Denial to Section F.1. | | | | | | |
| | Subsection D.1 - Access Standards | | | | | |
| D.1.01 | 42 CFR 438.204 | The contract must reflect the requirement that the entity is subject to annual, external independent reviews of the quality outcomes, timeliness of, and access to, the services covered under each contract. | MCO PIHP | | | |
| D.1.02 | 42 CFR 438.206(b)(1) | Delivery Network  The contract must require that the entity maintain a network of appropriate providers that is: <br> • supported by written agreements. <br> • is sufficient to provide adequate access to all services covered under the contract. <br><br> In establishing and maintaining the network, the entity must consider the following: <br> • The anticipated Medicaid enrollment, <br> • The expected utilization of services, taking into consideration the characteristics and health care needs of specific Medicaid populations represented in the particular MCO, PIHP, and PAHP, <br> • The numbers and types (in terms of training, experience, and specialization) of providers required to furnish the contracted Medicaid services, <br> • The numbers of network providers who are not accepting new Medicaid patients, <br>     • The geographic location of providers and Medicaid enrollees, considering distance, travel time, the means of transportation ordinarily used by Medicaid enrollees, and whether the location provides physical access for Medicaid enrollees with disabilities. | MCO PIHP PAHP | | | |
| D.1.05 | 42 CFR 438.206(b)(2) | Direct Access to Women's Health Specialist. The contract must require that the entity provide female enrollees with direct access to a women's health specialist within the network for covered care necessary to provide women's routine and preventive health care services.  This is in addition to the enrollee's designated source of primary care if that source is not a woman's health specialist. | MCO PIHP PAHP | | | |
| D.1.06 | 42 CFR 438.206(b)(3) | Second Opinion. The contract must require that the entity provide for a second opinion from a qualified health care professional within the network, or arrange for the ability of the enrollee to obtain one outside the network, at no cost to the enrollee. | MCO PIHP PAHP | | | |
| D.1.07 | 42 CFR 438.206(b)(4) | Out-of-Network Providers. Each contract must require that if the entity's network is unable to provide necessary medical services covered under the contract to a particular enrollee, the | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | entity must adequately and timely cover these services out of network for the enrollee, for as long as the entity is unable to provide them. | PAHP | | | |
| D.1.08 | 42 CFR 438.206(b)(5) | Out-of Network Providers. Out-of-network providers must coordinate with the entity with respect to payment.  The entity must ensure that cost to the enrollee is no greater than it would be if the services were furnished within the network. | MCO PIHP PAHP | | | |
| D.1.09 | 42 CFR 438.206(c)(1)(i) | Timely access. The contract must require that the entity meet and require its providers to meet State standards for timely access to care and services, taking into account the urgency of need for services. | MCO PIHP PAHP | | | |
| D.1.10 | 42 CFR 438.206(c)(1)(ii) | Timely access. The contract must require that network providers offer hours of operation that are no less than the hours of operation offered to commercial enrollees or comparable to Medicaid fee-for-service, if the provider serves only Medicaid enrollees. | MCO PIHP PAHP | | | |
| D.1.11 | 42 CFR 438.206(c)(1)(iii) | Timely access. The contract must require that services are available 24 hours a day, 7 days a week, when medically necessary. | MCO PIHP PAHP | | | |
| D.1.12 | 42 CFR 438.206(c)(1)(iv), (v) and (vi) | Timely access monitoring. The contract must require that the entity:<br>• establish mechanisms to ensure that network providers comply with the timely access requirements;<br>• monitor regularly to determine compliance;<br>• take corrective action if there is a failure to comply. | MCO PIHP PAHP | | | |
| D.1.13 | 42 CFR 438.206(c)(2) | Cultural Considerations. Each entity must participate in the State's efforts to promote the delivery of services in a culturally competent manner to all enrollees, including those with limited English proficiency and diverse cultural and ethnic backgrounds. | MCO PIHP PAHP | | | |
| D.1.14 | 42 CFR 438.207(b) | Documentation of adequate capacity and services. The contract must require that  the entity submit documentation to the State to demonstrate, in a format specified by the State, that it<br>• Offers an appropriate range of preventive, primary care and specialty services that is adequate for the anticipated number of enrollees for the service area.<br>• Maintains a network of providers that is sufficient in number, mix, and geographic distribution to meet the needs of the anticipated number of enrollees in the service area. | MCO PIHP PAHP | | | |
| D.1.15 | 42 CFR 438.207(c) | Assurances of adequate capacity and services. The contract must require that the entity submit the documentation assuring adequate capacity and services as specified by the State, and specifically as follows, but no less frequently than:<br>• At the time it enters into a contract with the State.<br>• At any time there has been a significant change (as defined by the State) in the entity's operations that would affect adequate capacity and services, including--<br>• Changes in services, benefits, geographic service area or payments, or;<br>• Enrollment of a new population in the MCO, PIHP, or PAHP. | MCO PIHP PAHP | | | |
| D.1.16 | 42 CFR 438.208(b)(1), (2), and (3) | Primary care and coordination of health care services. The contract must require that the entity implement procedures to:<br>• ensure that each enrollee has an ongoing source of primary care appropriate to his or her needs and a person or entity formally designated as primarily responsible for | MCO PIHP PAHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | coordinating the health care services furnished to the enrollee.<br>• coordinate the services the MCO, PIHP, or PAHP furnishes to the enrollee with the services the enrollee receives from any other MCO, PIHP, or PAHP.<br>• share with other MCOs, PIHPs, and PAHPs serving the enrollee the results of its identification and assessment of any enrollee with special health care needs (as defined by the state) so that those activities need not be duplicated.<br>• to ensure that in the process of coordinating care, each enrollee's privacy is protected consistent with the confidentiality requirements in 45 CFR parts 160 and 164. 45 CFR Part 164 specifically describes the requirements regarding the privacy of individually identifiable health information.  Health plans must comply with these requirements if they meet the definition of health plan found at 160.103: group health plan; health insurance issuer; HMO; Medicaid programs; SCHIP program, any other individual or group plan, or combination of individual or group plans, that provides or pays for the cost of medical care.  CMS recommends that Medicaid Managed care contracts include a provision that states that the MCO/PIHP/PAHP, as applicable, is in compliance with  the requirements in 45 CFR Parts 160 and 164.<br>At State discretion, exceptions may exist for MCOs that serve dually eligible enrollees | | | | |
| D.1.20 | 42 CFR 438.208(c)(2) | Enrollees with special health care needs - Assessment. The contract must require that the entity implement mechanisms to assess each Medicaid enrollee identified as having special health care needs in order to identify any ongoing special conditions of the enrollee that require a course of treatment or regular care monitoring. The assessment mechanisms must use appropriate health care professionals.<br>At State discretion, exceptions may exist for MCOs that serve dually eligible enrollees. | MCO<br>PIHP<br>PAHP | | | |
| D.1.21 | 42 CFR 438.208(c)(3) | Enrollees with special health care needs - Treatment plans.  If the State requires the entity to produce a treatment plan for enrollees determined to need a course of treatment or regular care monitoring, the treatment plan must be--<br>▪ Developed by the enrollee's primary care provider with enrollee participation, and in consultation with any specialists caring for the enrollee;<br>▪ Approved by the entity in a timely manner, if this approval is required; and<br>▪ In accord with any applicable State quality assurance and utilization review standards.<br>At State discretion, exceptions may exist for MCOs that serve dually eligible enrollees | MCO<br>PIHP<br>PAHP | | | |
| D.1.22 | 42 CFR 438.208(c)(4) | Enrollees with special health care needs.  Direct Access to Specialists.  For enrollees determined to need a course of treatment or regular care monitoring, the entity must have a mechanism in place to allow enrollees to directly access a specialist as appropriate for the enrollee's condition and identified needs.<br>At State discretion, exceptions may exist for MCOs that serve dually eligible enrollees. | MCO<br>PIHP<br>PAHP | | | |
| D.1.23 | 42 CFR 438.210(a)(1) and (2) | Coverage.  Each contract must identify, define, and specify the amount, duration, and scope of each service that the MCO, PIHP, or PAHP is required to offer.  The State must ensure that the services offered under the contract are in an amount, duration, and scope that is no less than the amount, duration, and scope for the same services furnished to beneficiaries under | MCO<br>PIHP<br>PAHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | fee-for-service Medicaid. | | | | |
| D.1.25 | 42 CFR 438.210(a)(3)(i) | <u>Coverage</u> The contract must require that the services are sufficient in amount, duration, or scope to reasonably be expected to achieve the purpose for which the services are furnished. | MCO PIHP PAHP | | | |
| D.1.26 | 42 CFR 438.210(a)(3)(ii) | <u>Coverage</u> The contract must require that the entity may not arbitrarily deny or reduce the amount, duration, or scope of a required service solely because of the diagnosis, type of illness, or condition;. | MCO PIHP PAHP | | | |
| D.1.27 | 42 CFR 438.210(a)(3)(iii) | <u>Coverage</u> The entity may place appropriate limits on a service on the basis of criteria such as medical necessity; or for utilization control, provided the services furnished can reasonably be expected to achieve their purpose. | MCO PIHP PAHP | | | |
| D.1.28 | 42 CFR 438.210(a)(4) | <u>Medically Necessary Services.</u> Each contract must specify what constitutes "medically necessary services" in a manner that<br>Is no more restrictive than the State Medicaid program and addresses the extent to which the MCO, PIHP, or PAHP is responsible for covering services related to the following:<br><br>• The prevention, diagnosis, and treatment of health impairments.<br>• The ability to achieve age-appropriate growth and development.<br>• The ability to attain, maintain, or regain functional capacity. | MCO PIHP PAHP | | | |
| D.1.29 | 42 CFR 438.210(b)(1) | <u>Authorization of services.</u> The contract must require that the entity and its subcontractors have in place, and follow, written policies and procedures for processing requests for initial and continuing authorizations of services. | MCO PIHP PAHP | | | |
| D.1.30 | 42 CFR 438.210(b)(2) | <u>Authorization of services.</u> The contract must require that the entity have in effect mechanisms to ensure consistent application of review criteria for authorization decisions; and consult with the requesting provider when appropriate. | MCO PIHP PAHP | | | |
| D.1.31 | 42 CFR 438.210(b)(3) | <u>Authorization of services.</u>  The contract must require that any decision to deny a service authorization request or to authorize a service in an amount, duration, or scope that is less than requested, be made by a health care professional who has appropriate clinical expertise in treating the enrollee's condition or disease. | MCO PIHP PAHP | | | |
| D.1.32 | 42 CFR 438.210(d)(1) | <u>Timeframe for decisions.</u>  Each contract must provide for decisions and notices within the timeframes outlined for service authorization notice of action in Section F. | MCO PIHP PAHP | | | |
| D.1.33 | 42 CFR 438.210(e) | <u>Compensation for utilization management activities</u><br>Each contract must provide that compensation to individuals or entities that conduct utilization management activities is not structured so as to provide incentives for the individual or entity to deny, limit, or discontinue medically necessary services to any enrollee. | MCO PIHP PAHP | | | . |
| | Subsection D.2 - Structure and Operation Standards | | | | | |
| D.2.01 | 42 CFR 438.12(a)(2) 42 CFR 438.214 | <u>Contracts with providers.</u> In all contracts with health care professionals, an MCO, PIHP, or PAHP must comply with the requirements specified in 438.214 which includes: selection and retention of providers, credentialing and recredentialing requirements, and nondiscrimination. | MCO PIHP PAHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| D.2.02 | 42 CFR 438.214(a)<br>42 CFR 438.214(b)(1)<br>42 CFR 438.214(b)(2) | Selection and Retention of Providers. Each contract must require the entity to have written policies and procedures and a description of its policies and procedures for selection and retention of providers following the State's policy for credentialing and recredentialing.. | MCO<br>PIHP<br>PAHP | | | |
| D.2.03 | 42 CFR 438.206(b)(6) | Credentialing. Each contract must include a requirement that the entity demonstrate that its providers are credentialed. | MCO<br>PIHP<br>PAHP | | | |
| D.2.04 | 42 CFR 438.214(c) | Nondiscrimination<br>The contract must require that the entity's provider selection policies and procedures cannot discriminate against particular providers that serve high-risk populations or specialize in conditions that require costly treatment. | MCO<br>PIHP<br>PAHP | | | |
| D.2.05 | 42 CFR 438.214(d) | Excluded providers<br>The contract must ensure that the entity may not employ or contract with providers excluded from participation in Federal health care programs under either section 1128 or section 1128A of the Social Security Act. | MCO<br>PIHP<br>PAHP | | | |
| D.2.06 | 42 CFR 438.224 | Confidentiality. Each contract must ensure that for medical records and any other health and enrollment information that identifies a particular enrollee, each entity establishes and implements procedures consistent with confidentiality requirements in 45 CFR parts 160 and 164. | MCO<br>PIHP<br>PAHP | | | |
| D.2.07 | 42 CFR 438.6(l)<br>42 CFR 438.230(a)<br>42 CFR 438.230(b)(1), (2), (3)<br>SMM 2087.4 | Subcontractual relationships and delegation. Each contract must ensure that the entity oversees and is held accountable for any functions and responsibilities that it delegates to any subcontractor, including:<br>• All subcontracts must fulfill the requirements of 42 CFR Part 438 that are appropriate to the service or activity delegated under the subcontract.<br>• Each contract must ensure that the entity evaluates the prospective subcontractor's ability to perform the activities to be delegated.<br>• The contract must require a written agreement between the entity and the subcontractor that specifies the activities and report responsibilities delegated to the subcontractor; and provides for revoking delegation or imposing other sanctions if the subcontractor's performance is inadequate.<br>• Each contract must ensure that the entity monitor the subcontractor's performance on an ongoing basis and subject it to formal review according to a periodic schedule established by the State, consistent with industry standards or State MCO laws and regulations.<br>• Each contract must ensure that the entity identifies deficiencies or areas for improvement, the entity and the subcontractor must take corrective action. | MCO<br>PIHP<br>PAHP | | | |
| | Subsection D.3 - Measurement and Improvement Standards | | | | | |
| D.3.01 | 42 CFR 438.236(b) | Practice guidelines. Each contract must require an MCO and when applicable a PIHP or PAHP to adopt practice guidelines that meet the following requirements:<br>• Are based on valid and reliable clinical evidence or a consensus of health care professionals in the particular field; | MCO<br>PIHP<br>PAHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | • Consider the needs of the enrollees; <br> • Are adopted in consultation with contracting health care professionals; and <br> • Are reviewed and updated periodically as appropriate. | | | | |
| D.3.02 | 42 CFR 438.236(c) | Dissemination of guidelines. Each contract must require that the entity disseminate the guidelines to all affected providers and, upon request, to enrollees and potential enrollees. | MCO PIHP PAHP | | | |
| D.3.03 | 42 CFR 438.236(d) | Application of guidelines. Each contract must ensure that decisions for utilization management, enrollee education, coverage of services, and other areas to which the guidelines apply should be consistent with the guidelines. | MCO PIHP PAHP | | | |
| D.3.04 | 42 CFR 438.240(a)(1) SMM 2091.7 | Quality assessment and performance improvement program. Each contract must ensure that the entity has an ongoing quality assessment and performance improvement program for the services it furnishes to its enrollees. | MCO PIHP | | | |
| D.3.05 | 42 CFR 438.240(a)(2) | Quality assessment and performance improvement program. CMS, in consultation with States and other stakeholders, may specify performance measures and topics for performance improvement projects to be required by States in their contracts with MCOs and PIHPs. | MCO PIHP | | | |
| D.3.06 | 42 CFR 438.240(b)(3) and (4) | Quality assessment and performance improvement program. Each contract must require that the entity have in effect mechanisms: <br> • to detect both underutilization and overutilization of services. <br> • to assess the quality and appropriateness of care furnished to enrollees with special health care needs. | MCO PIHP | | | |
| D.3.07 | 42 CFR 438.240(b)(2) 42 CFR 38.240(c) | Performance measurement <br> Each contract must  require that on an annual basis the entity must <br> • Measure and report to the State its performance, using standard measures required by the State; <br> • Submit to the State, data specified by the State, that enables the State to measure the entity's performance; or <br> • Perform a combination of the activities listed above. | MCO PIHP | | | |
| D.3.08 | 42 CFR 438.240(b)(1) 42 CFR 438.240(d)(1)(2) | Performance improvement projects <br> Each contract must ensure that the entity conduct performance improvement projects that are designed to achieve, through ongoing measurements and intervention, significant improvement, sustained over time, in clinical care and nonclinical care areas that are expected to have a favorable effect on health outcomes and enrollee satisfaction. Each contract must require that the entity report the status and results of each project to the State as requested. The performance improvement projects must involve the following: <br> • Measurement of performance using objective quality indicators. <br> • Implementation of system interventions to achieve improvement in quality. <br> • Evaluation of the effectiveness of the interventions. <br> • Planning and initiation of activities for increasing or sustaining improvement. | MCO PIHP | | | |
| D.3.09 | 42 CFR 438.240(d)(2) | Performance improvement projects Each performance improvement project must be completed in a reasonable time period so as to generally allow information on the success of | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | performance improvement projects in the aggregate to produce new information on quality of care every year. | | | | |
| D.3.10 | 42 CFR 438.240(e)(2) | Program review by the State.  The State may require that an MCO or PIHP have in effect a process for its own evaluation of the impact and effectiveness of its quality assessment and performance improvement program. If the State imposes such a requirement, it should be included in the contract. | MCO PIHP | | | |
| D.3.11 | 42 CFR 438.242(a) | Health information systems. Each contract must ensure that the entity maintains a health information system that collects, analyzes, integrates, and reports data. The system must provide information on areas including, but not limited to, utilization, grievances and appeals, and disenrollments for other than loss of Medicaid eligibility. | MCO PIHP | | | |
| D.3.12 | 42 CFR 438.242(b)(1) | Health information systems. Each contract must require that the entity collects data on enrollee and provider characteristics as specified by the State and on services furnished to enrollees through an encounter data system or other methods as may be specified by the State. | MCO PIHP | | | |
| D.3.13 | 42 CFR 438.242(b)(2) | Health information systems. The contract must require that the entity ensures that data received from providers is accurate and complete by<br>• Verifying the accuracy and timeliness of reported data;<br>• Screening the data for completeness, logic, and consistency; and<br>• Collecting service information in standardized formats to the extent feasible and appropriate. | MCO PIHP | | | |
| D.3.14 | 42 CFR 438.242(b)(3) | Health information systems. The contract must require that the entity make all collected data available to the State and upon request to CMS. | MCO PIHP | | | |
| Subpart F: Grievance Systems | | | | | | |
| | Subsection F.1 – Service Authorizations and Notices of Action | | | | | |
| F.1.01 | 42 CFR 431.201<br>42 CFR 438.400(b)<br>42 CFR 438.52(b)(2)(ii)<br>438.56(f)(2) | Action: MCO & PIHP.  The contract must define action as the:<br>• Denial or limited authorization of a requested service, including the type or level of service;<br>• Reduction, suspension, or termination of a previously authorized service;<br>• Denial, in whole or in part, of payment for a service;<br>• Failure to provide services in a timely manner, as defined by the State;<br>• Failure of an MCO or PIHP to act within the timeframes; or<br>• For a rural area resident with only one MCO or PIHP, the denial of a Medicaid enrollee's request to obtain services outside the network**:<br>  ♦ from any other provider (in terms of training, experience, and specialization) not available within the network<br>  ♦ from a provider not part of the network who is the main source of a service to the recipient - provided that the provider is given the same opportunity to become a participating provider as other similar providers.  If the provider does not choose to join the network or does not meet the qualifications, the enrollee is given a choice of participating providers and is transitioned to a participating provider within 60 days.<br>  ♦ Because the only plan or provider available does not provide the service because of | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | moral or religious objections. ♦ Because the recipient's provider determines that the recipient needs related services that would subject the recipient to unnecessary risk if received separately and not all related services are available within the network. ♦ The State determines that other circumstances warrant out-of-network treatment. | | | | |
| F.1.02 | 42 CFR 431.201 | Action: PAHP & PCCM. The State must define action at least as: Action means a termination, suspension, or reduction (which includes denial of a service based on OGC interpretation of CFR 431) of Medicaid eligibility or covered services.  It also means determinations by skilled nursing facilities and nursing facilities to transfer or discharge residents and adverse determinations made by a State with regard to the preadmission screening and annual resident review requirements of section 1919(e)(7) of the Act. | PAHP PCCM | | | |
| F.1.03 | 42 CFR 431.201 | Service Authorization. The contractor must define service authorization in a manner that at least includes a managed care enrollee's request for the provision of a service. | MCO PIHP PAHP | | | |
| F.1.04 | 42 CFR 438.210(b)(3) | Service Authorization process: Procedure -Any decision to deny a service authorization request or to authorize a service in an amount, duration, or scope that is less than requested, must be made by a health care professional who has appropriate clinical expertise in treating the enrollee's condition or disease. | MCO PIHP PAHP | | | |
| F.1.05 | 42 CFR 438.210(c) | Notice of adverse action for Service Authorizations. Each contract must require the entity to notify the requesting provider, and give the enrollee written notice of any decision to deny a service authorization request, or to authorize a service in an amount, duration, or scope that is less than requested.  For MCOs and PIHPs, the notice must meet the requirements of §438.404, except that the notice to the provider need not be in writing. | MCO PIHP PAHP | | | See - F.1.09 |
| F.1.07 | 42 CFR 431.200(b) 42 CFR 431.206 42 CFR 438.404(a) 42 CFR 438.404(c) 42 CFR 438.210(c) | Notice of Action – The MCO or PIHP must give the enrollee written notice of any action (not just service authorization actions) within the timeframes for each type of action. | MCO PIHP | | | |
| F.1.08 | 42 CFR 438.404(b) 42 CFR 438.210(c) | Notice of Adverse Action: Content - The notice must explain: • The action the MCO or PIHP or its contractor has taken or intends to take; • The reasons for the action; • The enrollee's or the provider's right to file an appeal; • If the State does not require the enrollee to exhaust the MCO or PIHP level appeal procedures, the enrollee's right to request a State Fair Hearing; • Procedures for exercising enrollee's rights to appeal or grieve; • Circumstances under which expedited resolution is available and how to request it; • The enrollee's rights to have benefits continue pending the resolution of the appeal, how to request that benefits be continued, and the circumstances under which the enrollee may be required to pay the costs of these services. | MCO PIHP | | | |
| F.1.09 | 42 CFR 438.228 | Notice of Action – State delegation.  [State Option] The State Medicaid agency is required to | MCO | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | sent notices of action in the State Fair Hearing Regulations (42 CFR 431 Subpart E). If the State delegates its additional fair hearing notice responsibilities (under 42 CFR 431 subpart E) to the MCO, PIHP, or PAHP, any delegated notice responsibilities must be in the contract so that the contractor can include the additional content requirements under the fair hearing regulations in this notice. | PIHP PAHP | | | |
| F.1.10 | 42 CFR 438.404(a) 42 CFR 438.10(c) and (d) | Notice of adverse action: Language and format -the notice must be in writing and must meet the language and format requirements: Language- <br> • Written notice must be translated for the individuals who speak prevalent non-English languages (as defined by the State per 42 CFR 438.10(c)) <br> • Notice must include language clarifying that oral interpretation is available for all languages and how to access it. <br> Format- Written material must use easily understood language and format, be available in alternative formats, and in an appropriate manner that takes into consideration those with special needs.  All enrollees and potential enrollees must be informed that information is available in alternative formats and how to access those formats. | MCO PIHP | | | Duplication: 42 CFR 438.10(c) & (d)? |
| F.1.11 | 42 CFR 438.404(c) 42 CFR 431.211 42 CFR 431.213 42 CFR 431.214 42 CFR 483.12(a)(5)(ii) | Timeframes for notice of action: Termination, suspension or reduction of services -  MCO or PIHP gives notice at least 10 days before the date of action when the action is a termination, suspension, or reduction of previously authorized Medicaid-covered services, except: <br> • the period of advanced notice is shortened to 5 days if probable recipient fraud has been verified <br> • By the date of the action for the following: <br> ♦ in the death of a recipient; <br> ♦ a signed written recipient statement requesting service termination or giving information requiring termination or reduction of services (where he understands that this must be the result of supplying that information); <br> ♦ the recipient's admission to an institution where he is ineligible for further services; <br> ♦ the recipient's address is unknown and mail directed to him has no forwarding address; <br> ♦ the recipient has been accepted for Medicaid services by another local jurisdiction; <br> ♦ the recipient's physician prescribes the change in the level of medical care; <br> ♦ an adverse determination made with regard to the preadmission screening requirements for NF admissions on or after January 1, 1989; or <br> ♦ the safety or health of individuals in the facility would be endangered, the resident's health improves sufficiently to allow a more immediate transfer or discharge, an immediate transfer or discharge is required by the resident's urgent medical needs, or a resident has not resided in the nursing facility for 30 days (applies only to adverse actions for NF transfers). | MCO PIHP | | | |
| F.1.12 | 42 CFR 438.404(c)(2) | Timeframes for notice of action: Denial of payment - MCO or PIHP gives notice on the date of action when the action is a denial of payment. | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| F.1.13 | 42 CFR 438.210(c) 42 CFR 438.210(d)(1) 42 CFR 438.404(c)(3) and 42 CFR 438.404(c)(4) | Timeframes for notice of action: Standard Service Authorization denial –The MCO, PIHP or PAHP gives notice as expeditiously as the enrollee's health condition requires and within State-established timeframes that may not exceed 14 calendar days following receipt of the request for service, with a possible extension of up to 14 additional calendar days, if the enrollee, or the provider, requests extension; or the MCO, PIHP, or PAHP justifies a need for additional information and how the extension is in the enrollee's interest (upon State request).  If the MCO, PIHP, or PAHP extends the timeframe, the contractor must give the enrollee written notice of the reason for the decision to extend the timeframe and inform the enrollee of the right to file a grievance if he or she disagrees with that decision; and issue and carry out its determination as expeditiously as the enrollee's health condition requires and no later than the date the extension expires. | MCO PIHP PAHP | | | |
| F.1.14 | 42 CFR 438.210(d)(2) 42 CFR 438.404(c)(6) | Timeframes for notice of action: Expedited Service Authorization denial –For cases in which a provider indicates, or the MCO, PIHP, or PAHP determines, that following the standard timeframe could seriously jeopardize the enrollee's life or health or ability to attain, maintain, or regain maximum function, the MCO, PIHP or PAHP gives notice must make an expedited authorization decision and provide notice as expeditiously as the enrollee's health condition requires and no later than 3 working days after receipt of the request for service.  Extension -The MCO, PIHP, or PAHP may extend the 3 working days time period by up to 14 calendar days if the enrollee requests an extension, or if the MCO, PIHP, or PAHP justifies a need for additional information and how the extension is in the enrollee's interest (upon State request). | MCO PIHP PAHP | | | |
| F.1.15 | 42 CFR 438.404(c)(5) | Timeframes for notice of action: Untimely Service Authorization Decisions- MCO or PIHP gives notice on the date that the timeframes expire when service authorization decisions not reached within the timeframes for either standard or expedited service authorizations. Untimely service authorizations constitute a denial and are thus adverse actions. | MCO PIHP | | | |
| | Subsection F.2 – General Requirements of Grievance Systems | | | | | |
| F.2.01 | 42 CFR 438.228 42 CFR 438.402(a) 42 CFR 438.400(b) | Grievance system- The MCO and PIHP contract must require a grievance system for enrollees meeting all regulation requirements, including a grievance process, an appeal process, and access to the State's fair hearing system.  The contract must distinguish between grievance system, grievance process, and a grievance. • The grievance system includes a grievance process, an appeal process, and access to the State's fair hearing system.  Any grievance system requirements apply to all three components of the grievance system not just to the grievance process. • A grievance process is the procedure for addressing enrollee's grievances. • A grievance is an enrollee's expression of dissatisfaction with any aspect of their care other than the appeal of actions, (which is an appeal). | MCO PIHP | | | |
| F.2.02 | 42 CFR 438.406(a) | Grievance system: General Requirements-  The MCO and PIHP must: • give enrollees any reasonable assistance in completing forms and other procedural steps | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | not limited to providing interpreter services and toll-free numbers with TTY/TDD and interpreter capability.<br>• Acknowledge receipt of each grievance and appeal.<br>• Ensure that decision makers on grievances and appeals were not involved in previous levels of review or decision-making and who are health care professionals with clinical expertise in treating the enrollee's condition or disease if any of the following apply:<br>♦ a denial appeal based on lack of medical necessity.<br>♦ a grievance regarding denial of expedited resolutions of an appeal.<br>♦ any grievance or appeal involving clinical issues. | | | | |
| F.2.03 | 42 CFR 438.414<br>42 CFR 438.10(g)(1) | Grievance System: Information to providers and subcontractors- The MCO or PIHP must provide the following grievance, appeal, and fair hearing procedures and timeframes to all providers and subcontractors at the time they enter into a contract:<br>• the enrollee's right to a state fair hearing, how to obtain a hearing, and representation rules at a hearing;<br>• the enrollee's right to file grievances and appeals and their requirements and timeframes for filing;<br>• the availability of assistance in filing;<br>• the toll-free numbers to file oral grievances and appeals;<br>• the enrollee's right to request continuation of benefits during an appeal or State Fair Hearing filing and, if the MCO or PIHP's action is upheld in a hearing, the enrollee may be liable for the cost of any continued benefits; and<br>• any State-determined provider appeal rights to challenge the failure of the organization to cover a service | MCO PIHP | | | See A.5.15 |
| F.2.04 | 42 CFR 438.416 | Grievance System: Record keeping and reporting. MCOs and PIHPs must maintain records of grievances and appeals. | MCO PIHP | | | |
| | Subsection F.3 – Appeal Process | | | | | |
| F.3.01 | 42 CFR 438.400(b) | Appeal- The contractor must define appeal as the request for review of an "action" | MCO PIHP | | | |
| F.3.02 | 42 CFR 438.402(b)(1) | Appeal process: Authority to file - an enrollee may file an MCO or PIHP level appeal. A provider, acting on behalf of the enrollee and with the enrollee's written consent, may file an appeal. | MCO PIHP | | | |
| F.3.03 | 42 CFR 438.402(b)(2) | Appeal process: Timing- The enrollee or provider may file an appeal within a reasonable State-defined timeframe that cannot be less than 20 days and not to exceed 90 days from the date on the entity's notice of action. | MCO PIHP | | | |
| F.3.04 | 42 CFR 438.402(b)(3)(ii) | Appeal process: Procedures- The enrollee or provider may file an appeal either orally or in writing and must follow an oral filing with a written, signed, appeal. | MCO PIHP | | | |
| F.3.05 | 42 CFR 438.406(b) | Appeal process: Procedures – The MCO or PIHP must:<br>• ensure that oral inquiries seeking to appeal an action are treated as appeals and confirm those inquiries in writing, unless the enrollee or the provider requests expedited resolution; | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | • provide a reasonable opportunity to present evidence, and allegations of fact or law, in person as well as in writing;<br>• allow the enrollee and representative opportunity, before and during the appeals process, to examine the enrollee's case file, including medical records, and any other documents and records;<br>• consider the enrollee, representative, or estate representative of a deceased enrollee as parties to the appeal. | | | | |
| F.3.06 | 42 CFR 438.408(a)<br>42 CFR 438.408(b)(2)<br>42 CFR 438.408(c) | Appeal process: Resolution and notification the MCO or PIHP must resolve each appeal, and provide notice, as expeditiously as the enrollee's health condition requires, within State-established timeframes not to exceed 45 days from the day the MCO or PIHP receives the appeal.<br><br>Extension -The MCO or PIHP may extend the timeframes by up to 14 calendar days if the enrollee requests the extension; or the MCO or PIHP shows that there is need for additional information and how the delay is in the enrollee's interest (upon State request).<br><br>Requirements following extension- for any extension not requested by the enrollee, the MCO or PIHP must give the enrollee written notice of the reason for the delay. | MCO PIHP | | | |
| F.3.07 | 42 CFR 438.408(d)(2)(i)<br>42 CFR 438.408(e) | Appeal Process: Format and content of resolution notice - the MCO or PIHP must provide written notice of disposition. The written resolution notice must include:<br>• The results and date of the appeal resolution.<br>• For decisions not wholly in the enrollee's favor:<br>  ♦ The right to request a State Fair Hearing,<br>  ♦ How to request a State Fair Hearing,<br>  ♦ The right to continue to receive benefits pending a hearing,<br>  ♦ How to request the continuation of benefits, and<br>  ♦ If the MCO or PIHP's action is upheld in a hearing, the enrollee may be liable for the cost of any continued benefits. | MCO PIHP | | | |
| F.3.08 | 42 CFR 438.420(b)<br>42 CFR 438.402(b)(2)<br>42 CFR 438.404(c)(1) | Appeal and State Fair Hearing Process: Continuation of benefits- The MCO or PIHP must continue the enrollee's benefits if:<br>• The appeal is filed timely, meaning on or before the later of the following:<br>  ♦ Within 10 days of the MCO or PIHP mailing the notice of action.<br>  ♦ the intended effective date of the MCO or PIHP's proposed action.<br>• The appeal involves the termination, suspension, or reduction of a previously authorized course of treatment;<br>• The services were ordered by an authorized provider;<br>• The authorization period has not expired; and<br>• The enrollee requests extension of benefits. | MCO PIHP | | | |
| F.3.09 | 42 CFR 438.420(c) | Appeal and State Fair Hearing process: Duration of continued or reinstated benefits- If the MCO or PIHP continues or reinstates the enrollee's benefits while the appeal is pending, the | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | benefits must be continued until one of the following occurs:<br>• The enrollee withdraws the appeal.<br>• The enrollee does not request a fair hearing within 10 days from when the MCO mails an adverse MCO or PIHP decision.<br>• A State Fair Hearing decision adverse to the enrollee is made, or<br>• The authorization expires or authorization service limits are met. | | | | |
| F.3.10 | 42 CFR 438.420(d)<br>42 CFR 431.230(b) | Appeal and State Fair Hearing process: Enrollee responsibility for services furnished while the appeal is pending- the MCO or PIHP may recover the cost of the continuation of services furnished to the enrollee while the appeal was pending if the final resolution of the appeal upholds the MCO's or PIHP's action. | MCO PIHP | | | |
| F.3.11 | 42 CFR 438.424(a) | Appeal and State Fair Hearing process: Effectuation when services were not furnished- the MCO or PIHP must authorize or provide the disputed services promptly, and as expeditiously as the enrollee's health condition requires if the services were not furnished while the appeal is pending and the MCO or PIHP, or the State Fair Hearing officer reverses a decision to deny, limit, or delay services. | MCO PIHP | | | |
| F.3.12 | 42 CFR 438.424(b) | Appeal and State Fair Hearing process: Effectuation when services were furnished - the MCO or PIHP or the State must pay for disputed services, in accordance with State policy and regulations, if the MCO or PIHP, or the State Fair Hearing officer reverses a decision to deny authorization of services, and the enrollee received the disputed services while the appeal was pending. | MCO PIHP | | | |
| Subsection F.4 – Expedited Appeals Process | | | | | | |
| F.4.01 | 42 CFR 438.410(a) | Expedited Appeals Process – General.  Each MCO and PIHP must establish and maintain an expedited review process for appeals, when the MCO or PIHP determines (for a request from the enrollee) or the provider indicates (in making the request on the enrollee's behalf or supporting the enrollee's request) that taking the time for a standard resolution could seriously jeopardize the enrollee's life or health or ability to attain, maintain, or regain maximum function.  Expedited appeals must follow all standard regulation appeal regulations for expedited requests except where differences are specifically noted in the regulation for expedited resolution. | MCO PIHP | | | |
| F.4.02 | 42 CFR 438.402(b)(3)(ii) | Expedited Appeals Process – Authority to File. The enrollee or provider may file an expedited appeal either orally or writing. No additional enrollee follow-up is required. | MCO PIHP | | | |
| F.4.03 | 42 CFR 438.406(b)(2) | Expedited Appeals Process – Procedures - The contractor must inform the enrollee of the limited time available for the enrollee to present evidence and allegations of fact or law, in person and in writing, in the case of expedited resolution. | MCO PIHP | | | |
| F.4.04 | 42 CFR 438.408(a)<br>42 CFR 438.408(b)(3)<br>42 CFR 438.408(c) | Expedited Appeal process: Resolution and notification - the MCO or PIHP must resolve each expedited appeal and provide notice, as expeditiously as the enrollee's health condition requires, within State-established timeframes not to exceed 3 working days after the MCO or PIHP receives the appeal.<br><br>Extension. The MCO or PIHP may extend the timeframes by up to 14 calendar days if the | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | enrollee requests the extension; or the MCO or PIHP shows that there is need for additional information and how the delay is in the enrollee's interest (upon State request).<br><br>Requirements following extension- for any extension not requested by the enrollee, the MCO or PIHP must give the enrollee written notice of the reason for the delay. | | | | |
| F.4.05 | 42 CFR 438.408(d)(2)(ii) | Expedited Appeal Process: Format of resolution notice – in addition to written notice, the MCO or PIHP must also make reasonable efforts to provide oral notice. | MCO PIHP | | | |
| F.4.06 | 42 CFR 438.410(b) | Expedited Appeal Process: Punitive action The MCO or PIHP must ensure that punitive action is not taken against a provider who either requests an expedited resolution or supports an enrollee's appeal. | MCO PIHP | | | |
| F.4.07 | 42 CFR 438.410 (c) | Expedited Appeal Process: Action following denial of a request for expedited resolution- if the MCO or PIHP denies a request for expedited resolution of an appeal, it must—<br>• Transfer the appeal to the standard timeframe of no longer than 45 days from the day the MCO or PIHP receives the appeal with a possible 14-day extension (see 438.408(b)(2); and<br>• Give the enrollee prompt oral notice of the denial (make reasonable efforts) and a written notice within two calendar days. | MCO PIHP | | | |
| | Subsection F.5 – Access to State Fair Hearing | | | | | |
| F.5.01 | 42 CFR 431.200(b)<br>42 CFR 431.220(5)<br>42 CFR 438.414<br>42 CFR 438.10(g)(1) | State Fair Hearing Process: MCO and PIHP notification of State Procedures. The State Fair Hearing description must be included in enrollee and provider information within the MCO and PIHP contract.  If the MCO or PIHP takes action and the enrollee requests a State Fair Hearing, the State (not the MCO or PIHP) must grant the enrollee a State Fair Hearing. The right to a state fair hearing, how to obtain a hearing, and representation rules at a hearing must be explained to the enrollee and provider by the MCO or PIHP (if they have delegated authority) or by the State (if the State has not delegated that authority). Other  information for beneficiaries and providers would include:<br>1. An enrollee may request a State Fair Hearing.  The provider may request a State Fair Hearing only if the State permits the provider to act as the enrollee's authorized representative.<br>2. The State must permit the enrollee to request a State Fair Hearing within a reasonable time period specified by the State, but not less than 20 or in excess of 90 days from whichever of the following dates applies--<br>• If the State does not require exhaustion of the MCO or PIHP level appeal procedures and the enrollee appeals directly to the State for a fair hearing, from the date on the MCO's or PIHP's notice of action.<br>• If the State requires exhaustion of MCO and PIHP level appeals, from the date on the MCO's or PIHP's notice of resolution.<br>3. The State must reach its decisions within the specified timeframes:<br>• Standard resolution: within 90 days of the date the enrollee filed the appeal with the MCO or PIHP if the enrollee filed initially with the MCO or PIHP (excluding the days | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | the enrollee took to subsequently file for a State Fair Hearing) or the date the enrollee filed for direct access to a State Fair Hearing.<br>• Expedited resolution (if the appeal was heard first through the MCO or PIHP appeal process): within 3 working days from agency receipt of a hearing request for a denial of a service that:<br> ♦ Meets the criteria for an expedited appeal process but was not resolved using the MCO or PIHP's expedited appeal timeframes, or<br> ♦ Was resolved wholly or partially adversely to the enrollee using the MCO or PIHP's expedited appeal timeframes.<br>• Expedited resolution (if the appeal was made directly to the State Fair Hearing process without accessing the MCO or PIHP appeal process): within 3 working days from agency receipt of a hearing request for a denial of a service that meets the criteria for an expedited appeal process. | | | | |
| F.5.02 | 42 CFR 438.408(f)(2) | State Fair Hearing: Parties- the parties to the State Fair Hearing include the MCO or PIHP as well as the enrollee and his or her representative or the representative of a deceased enrollee's estate. | MCO PIHP | | | |
| F.5.03 | 42 CFR 438.46(f)(2) | If the State restricts disenrollment, the State must ensure that any enrollee dissatisfied with a State agency determination denying a beneficiary's request to transfer plans/disenroll is given access to a State Fair Hearing. | | | | |
| Subsection F.6 – Grievance Process | | | | | | |
| F.6.01 | 42 CFR 438.400 | Grievance. The contract must define a grievance as an expression of dissatisfaction about any matter other than an "action". | MCO PIHP | | | |
| F.6.02 | 42 CFR 438.402(b)(3)(i) | Grievance process: Procedures- The contract must explain if enrollee is allowed to file a grievance only with the contractor or if the enrollee can also file a grievance directly with the State. | MCO PIHP | | | |
| F.6.03 | 42 CFR 438.402(b)(1)(i) 42 CFR 438.402(b)(3)(i) | Grievance process: Authority to file a grievance. An enrollee may file a grievance either orally or in writing. A provider may file a grievance if the State permits the provider to act as the enrollee's authorized representative. | MCO PIHP | | | |
| F.6.04 | 42 CFR 438.408(a) 42 CFR 438.408(b)(1) | Grievance process: Disposition and notification The MCO or PIHP must dispose of each grievance and provide notice, as expeditiously as the enrollee's health condition requires, within State-established timeframes not to exceed 90 days from the day the MCO or PIHP receives the grievance. | MCO PIHP | | | |
| F.6.05 | 42 CFR 438.408(d)(1) | Grievance Process: Format of disposition notice The State must establish the method MCOs and PIHPs will use to notify an enrollee of the disposition of a grievance. | MCO PIHP | | | |
| Subpart H - Certifications and Program Integrity | | | | | | |
| Subsection H.1 - Certification | | | | | | |
| H.1.01 | 42 CFR 438.604(a), (b), and (c) 42 CFR 438.604(b) | Data Certifications. When State payments to an MCO or PIHP are based on data submitted by the MCO or PIHP, the State must require certification of the data as provided in 438.606. The data that must be certified include, but are not limited to, all documents specified by the | MCO PIHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | 42 CFR 438.606 | State, enrollment information, encounter data, and other information contained in contracts, proposals. The certification must attest, based on best knowledge, information, and belief as to the accuracy, completeness and truthfulness of the documents and data. The MCO or PIHP must submit the certification concurrently with the certified data and documents.<br><br>For the data and documents the MCO or PIHP submits to the State, they  must be certified by one of the following:<br>• The MCO's or PIHP's Chief Executive Officer<br>• The MCO's or PIHP's Chief Financial Officer<br>• An individual who has delegated authority to sign for, and who reports directly to, the MCO's or PIHP's Chief Executive Officer or Chief Financial Officer. | | | | |
| | Subsection H.2 - Program Integrity | | | | | |
| H.2.01 | 42 CFR 438.608.(a) and (b) | General requirements. The MCO or PIHP must have administrative and management arrangements or procedures, and a mandatory compliance plan, that are designed to guard against fraud and abuse.  The MCO or PIHP arrangements or procedures must include the following:<br>• Written policies, procedures, and standards of conduct that articulates the organization's commitment to comply with all applicable Federal and State standards.<br>• The designation of a compliance officer and a compliance committee that are accountable to senior management.<br>• Effective training and education for the compliance officer and the organization's employees.<br>• Effective lines of communication between the compliance officer and the organization's employees.<br>• Enforcement of standards through well-publicized disciplinary guidelines.<br>• Provision for internal monitoring and auditing.<br>• Provision for prompt response to detected offenses, and for development of corrective action initiatives relating to the MCO's or PIHP's contract. | MCO PIHP | | | |
| H.2.02 | 42 CFR 438.610(a) 42 CFR 438.610(b) SMD letter 2/20/98 | Prohibited affiliations with Individuals Debarred by Federal Agencies. General requirement. An MCO, PCCM, PIHP, or PAHP may not knowingly have a relationship with the following:<br>• An individual who is debarred, suspended, or otherwise excluded from participating in procurement activities under the Federal Acquisition Regulation or from participating in non-procurement activities under regulations issued under Executive Order No.12549 or under guidelines implementing Executive Order No. 12549.<br>• An individual who is an affiliate, as defined in the Federal Acquisition Regulation, of a person described in paragraph (a)(1).<br><br>The relationship is described as follows:<br>• A director, officer, or partner of the MCO, PCCM, PIHP, PAHP | MCO PCCM PIHP PAHP | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | • A person with beneficial ownership of five percent or more of the MCO's, PCCM's, PIHP's or PAHP's equity.<br>• A person with an employment, consulting or other arrangement with the MCO, PCCM, PIHP, or PAHP obligations under its contract with the State. | | | | |
| H.2.03 | 42 CFR 431.55(h) and 42 CFR 438.808 1903(i)(2) SMD letter 12/30/97 | Excluded Providers- FFP is not available for amounts expended for providers excluded by Medicare, Medicaid, or SCHIP, except for emergency services. | MCO PIHP PAHP PCCM | | | |
| H.2.04 | 1932 (d)(4) | Physician identifier.  MCO must require each physician to have a unique identifier (when that system is put in place) | MCO | | | |
| H.2.05 | 42 CFR 455.1(a)(1) | Report- MCO, PIHP and PAHP must report fraud and abuse information to state. | MCO PIHP PAHP | | | |
| H.2.06 | 42 CFR 455.17 | MCO, PIHP, and PAHP  must report the following to the state:<br>• Number of complaints of fraud and abuse made to state that warrant preliminary investigation<br>• For each which warrants investigation, supply the<br>  • Name.ID number<br>  • Source of complaint<br>  • Type of provider<br>  • Nature of complaint<br>  • Approximate dollars involved<br>  • Legal & administrative disposition of the case. | MCO PIHP PAHP | | | |
| H.2.07 | 42 CFR 455.1(a)(2) | Service Verification- MCO, PIHP, and PAHP must have way to verify services actually provided | MCO PIHP PAHP | | | |
| H.2.08 | 1932(d)(3) SMD letter 12/30/97 | State Conflict of Interest Safeguards- MCO, PIHP, PAHP may not contract with state unless such safeguards at least equal to federal safeguards (41 USC 423, section 27) are in place. | MCO PIHP PAHP | | | |
| Subpart I - Sanctions | | | | | | |
| Subsection I.1 – General | | | | | | |
| I.1.01 | 1903(m)(5)(A) 1932(e)(1) 42 CFR 438.700 45 CFR 92.36(i)(1) 42 CFR 438.702 42 CFR 422.208 42 CFR 422.210 | Violations Subject to Sanction (Optional for PCCM, PIHP & PAHP unless specified) : The contract should include procedure for correction and remedy of breach of contract conditions, damages, etc. for State-established intermediate sanctions that may be imposed when an MCO acts or fails to act as follows:<br>• Fails substantially to provide medically necessary services that the MCO is required to provide, under law or under its contract with the State, to an enrollee covered under the contract. | MCO PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | • Imposes on enrollees premiums or charges that are in excess of the premiums or charges permitted under the Medicaid program.<br>• Acts to discriminate among enrollees on the basis of their health status or need for health care services.<br>• Misrepresents or falsifies information that it furnishes to CMS or to the State.<br>• Misrepresents or falsifies information that it furnishes to an enrollee, potential enrollee, or health care provider.<br>• Fails to comply with the requirements for physician incentive plans, as set forth (for Medicare) in 42 CFR 422.208 and 422.210.<br>• Has distributed directly, or indirectly through any agent or independent contractor, marketing materials that have not been approved by the State or that contain false or materially misleading information (applies to MCO & PCCM; voluntary for PIHP & PAHP).<br>• Has violated any of the other applicable requirements of sections 1903(m) or 1932 of the Act and any implementing regulations.<br>• Has violated any of the other applicable requirements of sections 1932 or 1905(t)(3) of the Act and any implementing regulations (applies to PCCM). | | | | |
| I.1.02 | 1932(e)(2)<br>1903(m)(5)(B)<br>42 CFR 438.702<br>42 CFR 438.700<br>42 CFR 438.704 | Intermediate Sanctions: Types. The contract must specify the types of intermediate sanctions that a State chooses to impose must be specified and may include:<br>• Civil monetary penalties in the following specified amounts:<br>  ♦ A maximum of $25,000 for each determination of failure to provide services; misrepresentation or false statements to enrollees, potential enrollees or health care providers; failure to comply with physician incentive plan requirements; or marketing violations.<br>  ♦ A maximum of $100,000 for each determination of discrimination; or misrepresentation or false statements to CMS or the State.<br>  ♦ A maximum of $15,000 for each recipient the State determines was not enrolled because of a discriminatory practice (subject to the $100,000 overall limit above).<br>  ♦ A maximum of $25,000 or double the amount of the excess charges, (whichever is greater) for charging premiums or charges in excess of the amounts permitted under the Medicaid program.  The State must deduct from the penalty the amount of overcharge and return it to the affected enrollee(s).<br>• Appointment of temporary management for an MCO as provided in 42 CFR 438.706.<br>• Granting enrollees the right to terminate enrollment without cause and notifying the affected enrollees of their right to disenroll.<br>• Suspension of all new enrollment, including default enrollment, after the effective date of the sanction.<br>• Suspension of payment for recipients enrolled after the effective date of the sanction and until CMS or the State is satisfied that the reason for imposition of the sanction no longer exists and is not likely to recur. | MCO PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | • Additional sanctions allowed under state statute or regulation that address areas of noncompliance. | | | | |
| I.1.03 | 1903(m)(5)(B)(ii) 42 CFR 438.726(b) 42 CFR 438.730(e) | Sanction by CMS: Special Rules for MCOs and Denial of Payment. The contract must specify that payments provided for under the contract will be denied for new enrollees when, and for so long as, payment for those enrollees is denied by CMS in accordance with the requirements in 42 CFR 438.730. | MCO | | | |
| | Subsection I.2 - Temporary Management | | | | | |
| I.2.01 | 1903(m) 1932(e)(5) 42 CFR 438.706 42 CFR 438.700 42 CFR 438.708(a)(3) | Special Rules for Temporary Management.  The State must specify the circumstances under which the sanction of temporary management will be imposed. Optional temporary management may only be imposed by the State if it finds that: • There is continued egregious behavior by the MCO, including, but not limited to behavior that is described in 42 CFR 438.700, or that is contrary to any requirements of sections 1903(m) and 1932 of the Act; or • There is substantial risk to enrollees' health; or • The sanction is necessary to ensure the health of the MCO's enrollees while improvements are made to remedy violations under 438.700 or until there is an orderly termination or reorganization of the MCO. Mote:  While use of temporary management in these situations is optional, the language must be included in the contract.  Required:  The State must impose temporary management if it finds that an MCO has repeatedly failed to meet substantive requirements in section 1903(m) or section 1932 of the Act.  The State must also grant enrollees the right to terminate enrollment without cause and must notify the affected enrollees of their right to terminate enrollment. The State may not delay imposition of temporary management to provide a hearing before imposing this sanction.  In addition, the State may not terminate temporary management until it determines that the MCO can ensure that the sanctioned behavior will not recur. | MCO | | | |
| | Subsection I.3 – Termination | | | | | |
| I.3.01 | 1903(m) 1905(t) 1932 42 CFR 438.708 | Termination of an MCO or PCCM Contract. The State may terminate an MCO or PCCM contract and enroll that entity's enrollees in other MCOs or PCCMs, or provide their Medicaid benefits through other options included in the State plan if the State determines that the MCO or PCCM has failed to: • Carry out the substantive terms of its contracts. • Meet applicable requirements in sections 1932, 1903(m) and 1905(t) of the Act. | MCO PCCM | | | |
| I.3.02 | 1932(e)(5) 42 CFR 438.710 42 CFR 706 (c ) 42 CFR 438.708 42 CFR 438.10 | Due Process: Notice of Sanction and Pre-Termination Hearing. Before imposing any intermediate sanctions, the State must give the entity timely written notice that explains: • The basis and nature of the sanction. • Any other due process protections that the State elects to provide.  Pre-termination Hearing & Procedures. Before terminating an MCO or PCCM contract under | MCO PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | 42 CFR 438.708, the State must provide the entity a pre-termination hearing. The State must:<br>• Give the MCO or PCCM written notice of its intent to terminate, the reason for termination, and the time and place of hearing.<br>• Give the entity (after the hearing) written notice of the decision affirming or reversing the proposed termination of the contract, and for an affirming decision, the effective date of termination; and<br>• For an affirming decision, give enrollees of the MCO or PCCM notice of the termination and information, consistent with 438.10, on their options for receiving Medicaid services following the effective date of termination. | | | | |
| I.3.03 | 1932(e)(4)<br>42 CFR 438.722 | Disenrollment During Termination Hearing Process. After a State notifies an MCO or PCCM that it intends to terminate the contract, the State **may** do the following:<br>• Give the entity's enrollees written notice of the State's intent to terminate the contract.<br>• Allow enrollees to disenroll immediately without cause. | MCO PCCM | | | |
| Subpart J - Finance and Payment | | | | | | |
| Subsection J.1 - Federal Financial Participation | | | | | | |
| J.1.01 | 42 CFR 438.6(g)<br>SMM 2087.7<br>42 CFR 434.6(a)(5) | Inspection and audit of financial records. Risk contracts must provide that the State agency and the Department may inspect and audit any financial records of the entity or its subcontractors. The Contract must state that there shall be no restrictions on the right of the State or Federal government to conduct what ever inspections and audits are necessary to assure quality, appropriateness or timeliness of services and reasonableness of their costs. | MCO PIHP PAHP | | | |
| J.1.02 | 1903(m)(4)(A)<br>SMM 2087.6(A-B) | Report Transactions - Non-federally qualified MCOs must report a description of certain transactions with parties of interest. The SMM defines "transactions" and "parties of interest". | MCO | | | |
| J.1.03 | 1932(b)(6)<br>42 CFR 438.106(a), (b) and (c)<br>42 CFR 438.6(l)<br>42 CFR 438.230<br>42 CFR 438.204(a)<br><br>SMD letter 12/30/97 | Insolvency. Each entity must provide that its Medicaid enrollees are not held liable:<br>• for the MCO's, PIHP's, or PAHP's debts, in the event of the entity's insolvency.<br>• for the covered services provided to the enrollee, for which the State does not pay the MCO, PIHP or PAHP<br>• for the covered services provided to the enrollee, for which the State, or the MCO, PIHP, or PAHP does not pay the individual or health care provider that furnishes the services under a contractual, referral, or other arrangement.<br>• liable for payments for covered services furnished under a contract, referral, or other arrangement, to the extent that those payments are in excess of the amount that the enrollee would owe if the MCO, PIHP, or PAHP provided the services directly. | MCO PIHP PAHP | | | |
| J.1.04 | 1932(b)(6)<br>42 CFR 438.106(c)<br>42 CFR 438.6(l)<br>42 CFR 438.230<br>42 CFR 438.204(a)<br>SMD letter 12/30/97 | Protect Against Liability – subcontractors and referrals – subcontractors and referral providers may not bill enrollees any amount greater than would be owed if the entity provided the services directly (i.e., no balance billing by providers) | MCO PIHP PAHP | | | |
| Subsection J.2 - Financial Solvency | | | | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| J.2.01 | 1903(m)(1) 42 CFR 438.116(b)(1) add 42 CFR 438.116(b)(2) SMD letter 12/30/97 | Other Requirements. The MCO, and PIHP must meet the solvency standards established by the State for private health maintenance organizations, or be licensed or certified by the State as a risk-bearing entity except when the entity meets any one of the following conditions: <br>• The entity does not provide both inpatient hospital services and physician services <br>• Is a public entity <br>• Is (or is controlled by) one or more federally qualified health centers and meets the solvency standards established by the State for those centers <br>• Has its solvency guaranteed by the State | MCO PIHP | | | |
| J.2.02 | 42 CFR 438.116(a) SMM 2086.6 | Solvency - Each non-federally qualified MCO, PIHP, and PAHP must provide assurances that Medicaid enrollees will not be liable for the entity's debt if the entity becomes insolvent. | MCO PIHP PAHP | | | |
| J.2.03 | 1124(a)(2)(A) 1903(m)(2)(A)(viii) 42 CFR 455.100-104 SMM 2087.5(A-D) SMD letter 12/30/97 SMD letter 2/20/98 | Disclosure of 5% Ownership - An MCO must notify state of any person or corporation that has 5% or more ownership or controlling interest in the entity.   The SMM requires financial statements for all owners with over 5% ownership are submitted. | MCO | | | Cross reference with Fraud and Abuse |
| J.2.04 | SMM 2086.6.B | Continue Services During Insolvency - An MCO, PIHP, and PAHP must cover continuation of services to enrollees for duration of period for which payment has been made, as well as for inpatient admissions up until discharge . | MCO PIHP PAHP | | | |
| J.2.05 | 42 CFR 447.46 42 CFR 447.45(d)(2) 42 CFR 447.45 (d)(3) 42 CFR 447.45 (d)(5) 42 CFR 447.45 (d)(6) | Timely claims payment by MCOs. <br>• Claim means 1) a bill for services 2) a line item of service or 3) all services for one recipient within a bill. <br>• Clean claim means one that can be processed without obtaining additional information from the provider of the service or from a third party.  It includes a claim with errors originating in a State's claims system.  It does not include a claim from a provider who is under investigation for fraud or abuse, or a claim under review for medical necessity. <br>A contract with an MCO must provide that the organization will meet the requirements of FFS timely payment: <br>• Pay  90% of all clean claims from practitioners, who are in individual or group practice or who practice in shared health facilities, within 90 days of the date of receipt, and <br>• Abide by the specifications of the following: <br>  • The date receipt is the date the agency receives the claim, as indicated by its date stamp on the claim. <br>  • The date of payment is the date of the check or other form of payment. <br>Exception.  The MCO and its providers may, by mutual agreement, establish an alternative payment schedule.  Any alternative schedule must be stipulated in the contract. | MCO | | | |
| | Subsection J.3 - Physician Incentive Plan (PIP) | | | | | |
| J.3.01 | 42 CFR 438.6(h) | Physician Incentive Plans. MCO, PIHP, PAHP contracts must provide for compliance with | MCO | | | See J.3 |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | the requirements set forth in 422.208 and 422.210. | PIHP PAHP | | | |
| J.3.02 | 1903(m)(2)(A)(x) 42 CFR 422.208 and 422.210 42 CFR 438.6(h) | Prohibition – The entity may operate a PIP only if no specific payment can be made directly or indirectly under a PIP to a physician or physician group as an inducement to reduce or limit medically necessary services furnished to an individual. | MCO PIHP PAHP | | | See A.1.08 |
| J.3.03 | 1903(m)(2)(A)(x) 42 CFR 422.208 and 422.210 42 CFR 438.6(h) | Disclosure to State.  The disclosure to the State includes the following: <br>• The entity must report whether services not furnished by physician/group are covered by incentive plan.  No further disclosure required if PIP does not cover services not furnished by physician/group. <br>• The entity must report type of incentive arrangement, e.g. withhold, bonus, capitation <br>• The entity must report percent of withhold or bonus (if applicable) <br>• The entity must report panel size, and if patients are pooled, the approved method used <br>• If the physician/group is at substantial financial risk, the entity must report proof the physician/group has adequate stop loss coverage, including amount and type of stop-loss | MCO PIHP PAHP | | | |
| J.3.04 | 1903(m)(2)(A)(x) 42 CFR 422.208 and 422.210 42 CFR 438.6(h) | Substantial Financial Risk - if physician/group put at substantial financial risk for services not provided by physician/group, the entity must ensure adequate stop-loss protection to individual physicians and conduct annual enrollee surveys. | MCO PIHP PAHP | | | |
| J.3.05 | 1903(m)(2)(A)(x) 42 CFR 422.208 42 CFR 422.210 42 CFR 438.6(h) | Disclosure to Beneficiaries - The entity must provide information on its PIP to any Medicaid beneficiary upon request (this includes the right to adequate and timely information on a  PIP) | MCO PIHP PAHP | | | |
| J.3.06 | 1903(m)(2)(A)(x) 42 CFR 422.208 42 CFR 422.210 42 CFR 438.6(h) | Disclosure to State - Survey - if required to conduct beneficiary survey, survey results must be disclosed to the State and, upon request, disclosed to beneficiaries. | MCO PIHP PAHP | | | |
| Subpart X - Procurement Requirements for Managed Care Contracts | | | | | | |
| | Subsection 1.0 - Contract Provisions | | | | | |
| X.1.01 | 45 CFR 74.48 | Contract Provisions: <br>• Remedies- The state shall include in addition to provisions to define a sound and complete agreement, the following provision in all contracts.  Th Contract shall contain contractual provisions or conditions that allow for administrative, contractual, or legal remedies in instances in which the contractor violates or breaches the contract terms and provide or such remedial actions as may be appropriate.* <br>• Termination- The state shall include in addition to provisions to define a sound and complete agreement, the following provisions in all contracts: The Contract, shall contain | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | provisions for termination by the state, including the manner in which termination shall be effected and the basis for settlement. In addition such contract shall describe conditions under which the contract may be terminated for default as well as conditions where the contract may be terminated because of circumstances beyond the control of the contractor.* <br> • Federal Access to Records- The state shall include in addition to provisions to define a sound and complete agreement, the following provisions in all contracts: The Contract awarded by the state and their contractors shall include a provision to effect that the HHS awarding agency, the U.S.Comptroller General, or any representatives, shall have access to any books, documents, papers, and records of the contractor which are directly pertinent to a specific program for the purpose of making audits, examinations, excerpts, and transcriptions. HHS awarding agencies, the HHS Inspector General, the U.S. Comptroller General, or any of their duly authorized representatives, have the right of timely and unrestricted access to any books, documents, papers, or other records of contractor that are pertinent to the awards, in order to make audits, examinations, excerpts, transcripts and copies of such documents. This right also includes timely and reasonable access to a recipient's personnel for the purpose of interview and discussion related to such documents. The rights of access in this paragraph are not limited to the required retention period, but shall last as long as records are retained.* <br> • Provisions from Appendix A (See below) <br> *Note: For contracts in excess of the small contact threshold $100,000 only* | | | | |
| X.1.02 | 45 CFR 74 Appendix A | Contract Provisions: <br> • EEO-All contracts shall contain provisions requiring Equal Employment Opportunity Provisions <br> • Rights to inventions- made under a contract or agreement- Contracts or agreements for the performance of experimental, developmental, or research work shall provide for the rights of the Federal Government and the recipient in any resulting invention <br> • Clean Air Act and Federal Water Pollution Control Act-. All contracts shall contain a provision that requires the recipient to agree to comply with all applicable standards orders or regulations.* <br> • Byrd Anti-Lobbying Amendment- Contractors who apply or bid shall file the require certification that each tier will not use Federal funds to pay a person or employee or organization for influencing or attempting to influence an officer or employee of any Federal agency, a member of Congress, officer or employee of Congress, or an employee of a member of Congress in connection with obtaining any Federal contract, grant or any other award covered by 31 U.S.C. 1352. Each tier shall also disclose any lobbying with nonfederal funds that takes place in connection with obtaining any Federal award. Such disclosure are forwarded form tier to tier up to the recipient (45 CFR part 93). The contract contains statement that Federal funds have not been used for lobbying.* <br> • Debarment and Suspension- Certain contracts shall not be made to parties listed on the | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|---|---|---|---|---|---|---|
| | | nonprocurements portion of the General Services Administration's "Lists of Parties Excluded for Federal Procurement or Nonprocurement Program." This list contains the names of parties debarred, suspended, or otherwise excluded by agencies, and contractors declared ineligible under statutory authority. Contractors with awards that exceed the simplified acquisition threshold (currently $100,000) shall provide the required certification regarding their exclusion status and that of their principals prior to award. *Note: For contracts in excess of the small contact threshold $100,000 only* | | | | |
| X.1.03 | 42 CFR 438.610(c)(3) | <u>Extension</u>. Specify the procedures and criteria for extending the contract. | MCO PIHP PAHP PCCM | | | |
| X.1.04 | 42 CFR 438.610(c)(3) 42 CFR 434.6(a)(6) | <u>Termination</u>. Specify procedures and criteria for termination and include a requirement to supply all information necessary for reimbursement of outstanding Medicaid claims. | MCO PIHP PAHP PCCM | | | |
| X.1.05 | 45 CFR 74.53 (a) 45 CFR 74.53 (b) | <u>Retention requirements for records</u>- Requirements for record retention and access to records for awards to recipients. Financial records, supporting documents, statistical records, and all other records pertinent to an award shall be retained for a period of three years from the date of submission of the final expenditure report or, for awards that are renewed quarterly or annually, from the date of the submission of the quarterly or annual financial report. The only exceptions are the following: (1) If any litigation, claim, financial management review, or audit is started before the expiration of the 3-year period, the records shall be retained until all litigation, claims or audit findings involving the records have been resolved and final action taken. (2) Records for real property and equipment acquired with Federal funds shall be retained for 3 years after final disposition. (3) When records are transferred to or maintained by the HHS awarding agency, the 3-year retention requirement is not applicable to the recipient. (4) Indirect cost rate proposals, cost allocations plans, etc., as specified in Sec. 74.53(g). Retain Records in accordance with requirements of 45 CFR Part 74 (3 years after the final payment is made and all pending matters closed, plus additional time if an audit, litigation, or other legal action involving the records is started before or during the original 3 year period ends). HIPAA now requires five year record retention. | MCO PIHP PAHP PCCM | | | |
| X.1.06 | 42 CFR 433 Sub D 42 CFR 447.20 42 CFR 434.6(a)(9) | <u>Third Party Liability (TPL) (Mandatory)</u> – The contract must specify any activities the entity must perform related to third party liability. Include in the contract how the payments are reduced to the extent that any 3rd party coverage maintained by or for recipients pays for part of the service The documentation must address third party liability payments and whether the State or the entity will retain TPL collections. Rates must reflect the appropriate adjustment (i.e., if the entity retains TPL collections the rates should be adjusted downward or if the State | MCO PIHP PAHP PCCM | | | |

| Item # | Legal Cite | Subject | Entity Type | Where found | Met | Comments |
|--------|-----------|---------|-------------|-------------|-----|----------|
| | | collects and retains the TPL the rates should include TPL). | | | | |
| X.1.07 | 45 CFR 74.43 and 74.44 | <u>Clearly written</u>. The contract is precise regarding specific functions of the contractor and the scope of those functions.<br>• A clear and accurate description of the technical requirements for the material, product, or service to be procured.<br>• Contracts must be in writing.<br>• The Contract identifies the population covered by the Contract.<br>• The contract should be precise regarding ambiguous areas such as nonperformance, payment, and other sensitive issues where the possibility of dispute exists.<br>• Specify the contract period, procedures and criteria for extending the contract period.<br>• Specify renegotiations procedures and criteria as follows:<br>• For good cause, only at the end of the contract period; and<br>• For modification(s) during the contract period, if circumstances warrant, at the discretion of the state<br>*Note: Grounds for renegotiating the contract are defined in detail* | MCO PIHP PAHP PCCM | | | |
| X.1.08 | 1932(d)(3) 45 CFR 74.42 | <u>Conflict of Interest</u>. The contract specifies conflict of interest safeguards for officers and employees of the state and local entity, with responsibilities relating to contracts with MCOs and/or to the default enrollment process under the State Plan Amendment option. | MCO PIHP PAHP PCCM | | | |
| X.1.09 | 45 CFR 74.43 | The State selected the contractor in the following manner (required if contract over $100,000):<br>• Competitive procurement process (e.g. Request for Proposal or Invitation for Bid which is formally advertised and targets a wide audience)<br>• Open cooperative procurement process (in which any qualifying contractor may participate)<br>• Sole source procurement.  CMS prior approval required. | MCO PIHP PAHP PCCM | | | |